1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

7
8

Leobardo MORENO GALVEZ, Jose Luis
VICENTE RAMOS, and Angel de Jesus MUÑOZ
OLIVERA, on behalf of themselves as individuals
and on behalf of others similarly situated,

Case No. 2:19-cv-321

Plaintiffs,

v.

**COMPLAINT – CLASS ACTION**
**FOR INJUNCTIVE AND**
**DECLARATORY RELIEF**

Lee Francis CISSNA, Director, U.S. Citizenship
and Immigration Services, Kirstjen M. NIELSEN,
Secretary, U.S. Department of Homeland Security,
Robert COWAN, Director, National Benefits
Center, UNITED STATES DEPARTMENT OF
HOMELAND  SECURITY, and UNITED
STATES CITIZENSHIP AND IMMIGRATION
SERVICES,

Defendants.

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

CLASS ACTION COMPLAINT
Case No. 2:19-cv-321

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

# INTRODUCTION

1.      Plaintiffs Leobardo Moreno Galvez, Jose Luis Vicente Ramos, and Angel de Jesus Muñoz Olivera are immigrant youth under the age of 21 who have applied for Special Immigrant Juvenile Status (SIJS), a form of humanitarian relief that provides vulnerable youth with a path to long-term legal status. Congress provided SIJS for children and youth under the age of 21 who obtain specific factual determinations by a state court with jurisdiction over their custody. Namely, the state court must find that (1) reunification with one or both of the youth's parents is not viable due to abuse, neglect, abandonment, or similar basis under state law, and (2) it is not in the youth's best interest to be returned to their country of origin. *See* 8 U.S.C. § 1101(a)(27)(J)(i)-(ii). In each Plaintiff's case, a Washington state court has made these requisite findings, and each Plaintiff has thus applied for SIJS. Until a recent and unlawful U.S. Citizenship and Immigration Services (USCIS) policy targeting youth who have reached the age of 18, each Plaintiff would have been found eligible for SIJS within 180 days after filing their application, as statutorily required. 8 U.S.C. § 1232(d)(2). Now, after lengthy delays, two have been unlawfully denied SIJS and the other faces imminent denial. Scores of other youth in Washington State face the same threat.

2.      On behalf of themselves and other similarly situated youth, Plaintiffs bring this class action to challenge the federal government's policy of refusing to adjudicate their SIJS petitions in accordance with the Immigration and Nationality Act (INA). The government's blanket denial of SIJS for youth who obtain predicate SIJS orders after turning 18 but before the age of 21 violates the controlling statute and regulations. In addition, the government has a practice of delaying the adjudication of Plaintiffs' and proposed class members' applications, in violation of a clear statutory requirement that all SIJS petitions be adjudicated within 180 days

CLASS ACTION COMPLAINT - 1
Case No. 2:19-cv-321

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

after the date of filing. These statutory violations by USCIS punish a vulnerable class of young people, in direct contradiction to the statutory terms implemented by Congress, unlawfully denying them the opportunity to obtain lawful permanent residence and rendering them likely to be removed.

3.     Congress created SIJS to provide all vulnerable children and youth under age 21 a pathway to lawful permanent residence and citizenship. Under the current SIJS statute, an applicant for SIJS must be (1) under 21 years of age at the time the petition is filed; (2) unmarried; (3) declared dependent on a state court, or placed in the custody of a state agency or individual appointed by such a court, such as a guardian; (4) the subject of specific findings by a state court that reunification with one or both parents is not viable due to abuse, abandonment, neglect, or similar basis under state law, and that it is not in the child's best interest to return to their home country (SIJS findings). Every SIJS petition submitted to USCIS must include the predicate state court order containing these findings (SIJS order).

4.     The SIJS statute outlines discrete and separate roles for state courts and USCIS. Specifically, Congress authorized state courts—not USCIS—to enter SIJS findings. In order to enter SIJS findings, the state court must have jurisdiction over the custody and placement of the youth. State law dictates whether a state court has such jurisdiction and accordingly, the authority to enter SIJS findings for a youth. USCIS, in turn, is tasked with verifying that all other requirements for a SIJS petition have been met and conferring immigration benefits on the applicant. Pursuant to the statutory framework created by Congress, USCIS must give full faith and credit to the state court's findings and thus defer to the state court's expertise in child welfare matters and interpretation of state laws.

CLASS ACTION COMPLAINT - 2
Case No. 2:19-cv-321

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

5.      Washington state courts exercise jurisdiction over the custody of youth past their eighteenth birthdays in various types of proceedings. In juvenile offender proceedings, state courts have clear authority to extend their jurisdiction and make custody determinations of youth beyond the age of 18. Dependencies and determinations regarding foster care can also be extended past the eighteenth birthday. In addition, Washington state law also grants juvenile divisions within its superior courts clear authority to appoint guardianships through the Vulnerable Youth Guardianship (VYG) Program enacted by the state legislature in 2017. In VYG proceedings, state courts issue guardianship orders to youth who are between ages 18 and 20. In the context of all of these proceedings, Washington state courts have authority to issue predicate SIJS orders, thus enabling the youth to file a SIJS petition before USCIS.

6.      Congress has defined a "child" for purposes of all immigration benefits, including SIJS, to be "an unmarried person under twenty-one years of age." 8 U.S.C. § 1101(b)(1). Accordingly, SIJS is available for any individual under the age of 21 who is unmarried and otherwise meets the SIJS criteria. *See* 8 C.F.R. § 204.11(c)(1).

7.      Nonetheless, in or around February 2018, USCIS began imposing a new, ultra vires requirement outside the scope of the SIJS statute—that the state court issuing the predicate SIJS order have jurisdiction to return children to their parents' custody. Under this arbitrary policy, USCIS has denied or threatened to deny the SIJS petitions submitted by youth who obtained SIJS orders from Washington state courts after turning 18, even though they clearly meet all eligibility criteria.

8.      USCIS's imposition of arbitrary requirements for SIJS eligibility violates the law and irreparably harms hundreds of vulnerable youth who would otherwise qualify for SIJS. Obtaining SIJS allows children to remain safely in the United States with their legal guardians

CLASS ACTION COMPLAINT - 3
Case No. 2:19-cv-321

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

and provides a path to legal permanent residence and citizenship. For countless youth like Plaintiffs, a denial of SIJS will deprive them of shelter and a loving family, foster parents, or guardians who can best protect their welfare and help them to recover from the abuse, abandonment, or neglect they have experienced in their lives.

9.      Plaintiffs thus seek declaratory and injunctive relief to enjoin this unlawful implementation of the SIJS statute and agency action that runs contrary to the Administrative Procedure Act (APA). On behalf of themselves and the class they seek to represent, Plaintiffs respectfully request that this Court (1) declare Defendants' ultra vires policy of rejecting SIJS findings issued by Washington state courts for youth ages 18 to 20 to be in violation of the INA and APA, (2) compel the government to rescind the improper SIJS denials already issued and reopen those SIJS petitions, (3) enjoin any future denials of SIJS petitions on the basis that Washington state courts lacked the authority to reunify children with their parents, and (4) require USCIS to adjudicate Plaintiffs' and proposed class members' SIJS petitions within 180 days after the date of filing, as required by statute.

## JURISDICTION AND VENUE

10.      This case arises under the Immigration and Nationality Act (INA), 8 U.S.C. § 1101 *et seq.,* the regulations implementing the INA, and the APA, 5 U.S.C. § 701 *et. seq.*

11.      Jurisdiction is conferred on this Court pursuant to 28 U.S.C. § 1331, as a civil action arising under the laws of the United States, and the Mandamus and Venue Act of 1962, 28 U.S.C. § 1361. The Court may grant declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201-2202, 5 U.S.C. § 702, and 28 U.S.C. § 1361. The United States has waived its sovereign immunity pursuant to 5 U.S.C. § 702.

CLASS ACTION COMPLAINT - 4
Case No. 2:19-cv-321

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

12.     Venue is proper in the Western District of Washington pursuant to 28 U.S.C. § 1391(e)(1) because Defendants are officers or employees of the United States or agencies thereof acting in their official capacities. A substantial part of the events or omissions giving rise to the claims occurred in this district, and Plaintiffs Leobardo Moreno Galvez and Jose Luis Vicente Ramos reside in this district, as do many putative class members.

## PARTIES

13.     Plaintiff Leobardo Moreno Galvez is a 20-year-old citizen of Mexico. In October 2016, the Skagit County Superior Court placed him in the custody of a state agency or department and entered a SIJS order. On December 2, 2016, Leobardo submitted his SIJS petition to USCIS. On December 20, 2018, USCIS denied his application solely based on its erroneous policy requiring predicate SIJS orders to be issued by a state court that has authority to make a legal conclusion about returning the youth to his parent's custody.

14.     Plaintiff Jose Luis Vicente Ramos is a 20-year-old citizen of Guatemala. In June 2018, the Pierce County Superior Court appointed Jose's relative as his guardian in a Vulnerable Youth Guardianship proceeding, during which the court also entered a SIJS order. On February 5, 2019, USCIS denied his application solely based on its erroneous policy requiring predicate SIJS orders to be issued by a state court that has authority to make a legal conclusion about returning the youth to his parent's custody.

15.     Plaintiff Angel de Jesus Muñoz Olivera is a 19-year-old citizen of Mexico. In November 2017, the Pierce County Superior Court appointed Angel's relative as his guardian in a Vulnerable Youth Guardianship proceeding, during which the court also entered a SIJS order. On November 15, 2017, Angel submitted his SIJS petition to USCIS. USCIS has not adjudicated his SIJS petition. Upon information and belief, USCIS will deny his SIJS petition based on its

CLASS ACTION COMPLAINT - 5
Case No. 2:19-cv-321

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

1    erroneous policy that a predicate SIJS order is not valid unless the issuing state court has

2    authority to make a legal conclusion about returning the youth to his parent's custody.

3        16.    Defendant Lee Francis Cissna is the Director of U.S. Citizenship and Immigration

4    Services (USCIS), an "agency" within the meaning of the APA. 5 U.S.C. § 551(1). In this

5    capacity, he oversees the adjudication of immigration benefits and establishes and implements

6    governing policies. 6 U.S.C. § 271(a)(3), (b). He has ultimate responsibility for the adjudication

7    of SIJS petitions and is sued in his official capacity.

8        17.    Defendant Kirstjen Nielsen is the Secretary of the Department of Homeland

9    Security (DHS), an "agency" within the meaning of the APA, 5 U.S.C. § 551(1). In this capacity,

10    she is responsible for the administration of the INA and for overseeing, directing, and

11    supervising all DHS component agencies, including USCIS. Defendant Nielsen is sued in her

12    official capacity.

13        18.    Defendant Robert M. Cowan is the Director of the USCIS National Benefits

14    Center, which directly adjudicates SIJS petitions and which issued the Proposed class members'

15    SIJS denial notices or Notices of Intent to Deny. Defendant Cowan is sued in his official

16    capacity.

17        19.    Defendant U.S. Citizenship and Immigration Services is a component of U.S.

18    Department of Homeland Security, 6 U.S.C. § 271(a)(1), and an "agency" within the meaning of

19    the APA, 5 U.S.C. § 551(1). USCIS is responsible for adjudicating immigration benefit

20    applications, including applications for SIJS.

21        20.    Defendant U.S. Department of Homeland Security is an executive agency of the

22    United States and an "agency" within the meaning of the APA, 5 U.S.C. § 551(1). DHS is

23

CLASS ACTION COMPLAINT - 6
Case No. 2:19-cv-321

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

responsible for implementing the INA, including provisions relating to SIJS. DHS has authority

to grant SIJS petitions and delegates this authority to USCIS.

## LEGAL BACKGROUND

### I. HISTORY OF SPECIAL IMMIGRANT JUVENILE STATUS

21.    In 1990, Congress created Special Immigrant Juvenile Status to protect abused,

abandoned, and neglected immigrant children in foster care and to provide them a pathway to

lawful permanent residence. SIJS was initially available only to children and youth eligible for

foster care, pursuant to the statutory definition of "special immigrant juvenile" at the time:

> an immigrant (i) who has been declared dependent on a juvenile court
> located in the United States and has been deemed eligible by that court for
> long-term foster care, and (ii) for whom it has been determined in
> administrative or judicial proceedings that it would not be the [immigrant's
> best interest to be returned to the [immigrant's] or parent's previous country
> of nationality or country of last habitual residence.

Immigration Act of 1990, Pub. L. No. 101-649 § 153, 104 Stat. 4978, 5005-06 (1990). The

implementing regulations enacted by the Immigration and Naturalization (INS) in 1993 defined

the term "[e]ligible for long-term foster care," to mean "that a determination has been made by

the juvenile court that family reunification is no longer a viable option." 58 Fed. Reg. 42843,

42850 (Aug. 12, 1993) (codified at 8 C.F.R. § 204.11(a)).

22.    The INA defines a child for purposes of the SIJS statute to be "an unmarried

person under twenty-one years of age." 8 U.S.C. § 1101(b)(1). Accordingly, the INS recognized

that any individual under the age of 21 qualifies as a juvenile for purposes of SIJS. 58 Fed. Reg.

at 42850 (codified at 8 C.F.R. § 204.11(c)(1)).

23.    In 1994, Congress broadened the scope of SIJS eligibility beyond those deemed

eligible for foster care, redefining "special immigrant juvenile" to include an individual *"legally*

*committed to, or placed under the custody of, an agency or department of a State."* Immigration

CLASS ACTION COMPLAINT - 7
Case No. 2:19-cv-321

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

1    and Nationality Technical Corrections Act of 1994, Pub. L. No. 103-416, § 219, 108 Stat. 4305,

2    4316 (1994) (emphasis added). This amendment greatly increased the class of children eligible

3    under the statute by expanding the types of proceedings in which state courts could enter SIJS

4    findings.

5        24.    Congress once again significantly expanded SIJS eligibility through the William

6    Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 (TVPRA), Pub. L. No.

7    110-457 § 235, 122 Stat. 5044 (2008), which was passed with broad bipartisan support. The

8    TVPRA removed placement in long-term foster care as a basis for SIJS eligibility, replacing it

9    with a more expansive requirement that a state juvenile court find "reunification with 1 or both

10   of the immigrant's parents is not viable due to abuse, neglect, or abandonment, or a similar basis

11   under State law." TVPRA § 235(d)(1)(A), 122 Stat. at 5079. In addition, by expanding SIJS

12   eligibility to include not only children who are declared dependent on the court, but also those

13   children legally committed to or placed in the custody of a "State, or an individual or entity

14   appointed by a State or juvenile court," *id.*, the TVPRA made clear that Congress intended

15   USCIS recognize SIJS findings issued by any state court that had the power to place a child in

16   any custodial relationship.

17       25.    Consistent with the INA's definition of a "child," 8 U.S.C. § 1101(b)(1), the

18   amendments under the 2008 TVPRA provided age-out protections, ensuring the SIJS

19   classification would not be denied to anyone on the basis of age so long as the child was under

20   21 at the time of filing the SIJS petition. TVPRA § 235(d)(6), 122 Stat. at 5080.

21       26.    In addition, Congress recognized the need for expeditious adjudications of SIJS

22   petitions and imposed a 180-day deadline requiring USCIS to adjudicate all SIJS petitions within

23   180 days after the date of filing. TVPRA § 235(d)(2), 122 Stat. at 5080.

CLASS ACTION COMPLAINT - 8
Case No. 2:19-cv-321

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

27.     Under the current SIJS statute, petitioners must be (1) under 21 years of age at the time the petition is filed; (2) unmarried; (3) declared dependent on a state court, or placed in the custody of a state agency or individual appointed by such a court (such as having their custodial placement approved by a juvenile probation department or being appointed a guardian); and (4) the subject of specific findings that reunification with one or more parents is not viable due to abuse, abandonment, neglect, or a similar basis under state law, and that it is not in the child's best interest to return to his or her home country (SIJS findings). *See* 8 U.S.C. §§ 1101(b)(1), 1101(a)(27)(J), 1232(d)(6). If the petition for SIJS is approved by USCIS, the child then becomes eligible to apply for lawful permanent resident status without being subject to many of the grounds of inadmissibility which may apply to other noncitizens. 8 U.S.C. § 1255(h).

## II. USCIS DEFERENCE TO STATE COURTS

28.     The SIJS statute explicitly designates the state courts as having exclusive authority to enter predicate findings regarding the child's welfare, custody, and best interest. 8 U.S.C. § 1101(a)(27)(J) (requiring state juvenile courts make certain child welfare determinations). This requirement corresponds to the traditional framework that child welfare determinations are within the ambit of state courts.

29.     Under the SIJS statute, USCIS must afford full faith and credit to the State court's determinations. USCIS has no authority to second-guess the state court's determinations.

30.     Agency regulations and guidance have continually reaffirmed the statutory requirement that USCIS defer to state courts' determinations of their own jurisdiction and power to issue the requisite SIJS findings. *See* 58 Fed. Reg. at 42847 ("The Service believes that it would be both impractical and inappropriate for the Service to routinely readjudicate judicial or social service agency administrative determinations as to the juvenile's best interest."); Michael

1    Aytes, Interoffice Memorandum, *AFM Update: Chapter 22: Employment-based Petitions*

2    *(AD03-01)*, 82 (Sept. 12, 2006), https://bit.ly/2tMnsWF ("The task of the adjudicator is not to

3    determine whether the [SIJS] order was properly issued."); USCIS Policy Manual, vol. 6, pt. J,

4    ch. 2(D)(4) (last updated Feb. 12, 2019), https://bit.ly/2NAGVCT ("There is nothing in USCIS

5    guidance that should be construed as instructing juvenile courts on *how to apply their own state*

6    *law*.") (emphasis added).

7        31.    In adjudicating SIJS petitions, USCIS asserts the right to determine whether a

8    SIJS order was "properly issued under state law," *id.*, and whether the issuing state court relied

9    on a factual record, *id.* Ch. 2(D)(5). However, "USCIS relies on the expertise of the juvenile

10   courts in making child welfare decisions and does not reweigh the evidence" independently. *Id*.

11   ("USCIS generally consents to the grant of [SIJS] when the order includes or is supplemented by

12   a reasonable factual basis for all of the required findings.").

13                  **III. THE RELEVANT WASHINGTON STATE FRAMEWORK**

14       32.    Washington state law has designated state courts to make determinations about

15   the custody and care of children in numerous specialized proceedings, including for youth who

16   have attained the age of 18. SIJS orders can be issued in a variety of proceedings under

17   Washington state law, including juvenile offender proceedings, dependency and extended foster

18   care proceedings, non-parental custody proceedings, divorce and other family law proceedings,

19   and Child in Need of Services/At-Risk Youth proceedings. Specifically, Washington state courts

20   have express authority under state law to make custody determinations and SIJS findings for

21   youth ages 18 to 20 in three different types of proceedings: juvenile offender, Vulnerable Youth

22   Guardianship, and Extended Foster Care.

23

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

**A.  Juvenile Offender Proceedings**

33.     In Washington State, juvenile offender proceedings are governed by Revised Code of Washington (RCW) § 13.40.300(3), which expressly states "[a] juvenile may be under the jurisdiction of the juvenile court or the authority of the department of social and health services beyond the juvenile's eighteenth birthday . . . if prior to the juvenile's eighteenth birthday: (a) Proceedings are pending seeking the adjudication of a juvenile offense and the court by written order setting forth its reasons extends jurisdiction of [the] juvenile court over the juvenile beyond his or her eighteenth birthday."

34.     Pursuant to RCW § 13.40.300(1)-(2), a juvenile court in Washington State may sentence a juvenile offender to be committed to a correctional facility up until their twenty-first birthday, and, in some circumstances, up until their twenty-fifth birthday.

35.     Washington juvenile courts with jurisdiction over offender proceedings therefore have authority to enter SIJ findings. USCIS and various other state appellate courts have also recognized that juvenile courts in the offender context have authority to make SIJS findings even after a child has attained the age of 18. *See Matter of E-G-C-V,* 2016 WL 8316261 (AAO Dec. 20, 2016) (finding Colorado law permitted extension of jurisdiction where juvenile offender proceedings had commenced *prior* to age 18, and that the state court had jurisdiction to make determinations about the care and custody of the petitioner as a juvenile where petitioner was over 18 years old at the time the court issued its order); *Leslie H. v. Superior Court,* 224 Cal. App. 4th 340 (2014); *In re Mario S.,* 38 Misc. 3d. 444, 453-54 (N.Y. Fam. Ct. 2012).

**B.  Vulnerable Youth Guardianship Proceedings**

36.     Since 2017, Washington state courts have had jurisdiction to provide guardians to 18- to 20-year-old youth after the state legislature passed legislation establishing the Vulnerable

CLASS ACTION COMPLAINT - 11
Case No. 2:19-cv-321

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

Youth Guardianship (VYG) Program. RCW § 13.90.010 *et seq*. The state legislature intended to "provide an avenue for . . . vulnerable [immigrant] youth to petition the superior courts to appoint a guardian of the person, even if the youth is over eighteen years old." *Id.* § 13.90.901(1)(e). In establishing VYG proceedings, the state legislature recognized "vulnerable youth arriving [in] the United States" require "a *custodial* relationship with a responsible adult as they adjust to a new cultural context, language, and education system, and recover from the trauma of abuse, neglect, or abandonment." *Id.* (emphasis added). Moreover, the legislation sought to "serve[] the state's interest in eliminating human trafficking, preventing further victimization of youth, decreasing reliance on public resources, reducing youth homelessness, and offering protection for youth." *Id.* § 13.90.900.

37.     Specifically, the VYG statute "grants the superior courts jurisdiction to make judicial determinations regarding the custody and care of . . . an unmarried person under twenty-one years of age." *Id.* § 13.90.901(1)(a) (citing the INA's definition of "child," 8 U.S.C. § 1101(b)); *see also id.* § 13.90.010(6) (defining "vulnerable youth" as "an individual who has turned eighteen years old, but who is not yet twenty-one years old"). Under state law, the juvenile divisions within the superior courts have jurisdiction over VYG proceedings. *Id.* § 13.90.010(3).

38.     To obtain a VYG, the youth must file a petition in the juvenile division of a Washington superior court. *Id.* §§ 13.90.020(1) (requiring petition to be filed in "juvenile court"), 13.90.010(3) (defining "juvenile court" as "the juvenile division of the superior court"). In VYG proceedings, parties have the right to present evidence and cross-examine witnesses and are governed by the rules of evidence. *Id.* § 13.90.030(1). Where all requirements for a VYG are met by a preponderance of the evidence, *id.* § 13.90.030(2), the state court can issue an order

CLASS ACTION COMPLAINT - 12
Case No. 2:19-cv-321

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

1    appointing a guardian for the petitioner and "specify the guardian's other rights and

2    responsibilities concerning the care, custody and nurturing of the vulnerable youth," *id.* §

3    13.90.040(1)(a)-(b). In addition, the court's order must specify the "need for and scope of

4    continued [judicial] oversight." *Id.* § 13.90.040(1)(d).

5        39.    Under state law, "parents, licensed foster parents, relatives, and suitable persons"

6    can be designated as a guardian for a vulnerable youth. *Id.* § 13.90.020(2). The court determines

7    placement with a suitable and responsible guardian. *Id.* § 13.90.020(3)(d)-(e). Until the age of

8    21, when the VYG automatically terminates, a state court has the authority to determine the

9    vulnerable youth's custodial placement. *Id.* § 13.90.060.

10   **C.  Extended Foster Care Proceedings**

11       40.    Washington state courts are authorized to maintain and exercise jurisdiction over

12   18- to 20-year-old youths through the Extended Foster Care (EFC) program. RCW §

13   13.34.267(1). EFC allows youth who were legally dependent on the state at age 18 to voluntarily

14   agree to continue receiving foster care services, including placement services, while working

15   towards independence. A youth enrolled in the EFC program is eligible for services such as a

16   foster care placement, supervised independent living placement, medical, dental, and transitional

17   living services, case management, and referrals to community resources. *See* Wash. State Dep't

18   of Children, Youth, and Families, Extended Foster Care, https://www.dcyf.wa.gov/services/

19   extended-foster-care (last accessed Mar. 1, 2019).

20       41.    In order to participate in EFC, a state court must first determine that the youth was

21   legally "dependent" before turning 18. RCW § 74.13.031(11)(b). Under state law, a "dependent

22   child" is one who: "(a) has been abandoned; (b) is abused or neglected . . . by a person legally

23   responsible for the care of the child; (c) has no parent, guardian, or custodian capable of

CLASS ACTION COMPLAINT - 13
Case No. 2:19-cv-321

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

adequately caring for the child such that the child is in circumstances which constitute a danger of substantial damage to the child's psychological or physical development; or (d) is receiving extended foster care services." *Id.* § 13.34.030(6). A finding under RCW § 13.34.030(6)(c) constitutes a "similar basis" under state law that makes the youth eligible for SIJS. 8 U.S.C. § 1101(a)(27)(J)(i).

42.     Where a youth elects to participate in EFC upon turning 18, the dependency proceedings will continue and the state court will maintain jurisdiction over the youth's custody. Until reaching the age of 21, the youth may enter and exit the EFC program as needed. RCW § 74.13.031(11)(b), (e).

43.     To be eligible for the EFC program, a youth must be dependent *and* must: (1) be enrolled in high school or a high school equivalency program; (2) be enrolled in, apply for, or demonstrate intent to timely enroll in a post-secondary academic or post-secondary vocational certification program; (3) participate in a program or activity designed to promote or remove barriers to employment, including part-time employment; (4) be employed 80 hours or more per month; or (5) be unable to engage any of these activities due to a documented medical condition. *Id.* § 13.34.267(1).

44.     During the continued dependency proceedings for EFC, the presiding state court is required to consider factors such as safety of the placement, continuing eligibility for EFC, whether the placement is developmentally appropriate for the youth, the youth's independent living skills, and overall progress toward independence. *Id.* § 13.34.267(7). Moreover, Washington state law provides for the appointment of counsel to represent the youth during these proceedings. *Id.* § 13.34.267(6).

CLASS ACTION COMPLAINT - 14
Case No. 2:19-cv-321

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

## IV. NEW USCIS POLICY ON 18- TO 20-YEAR-OLD SIJS PETITIONERS

45.    USCIS previously routinely approved SIJS petitions for youth who had obtained SIJS findings from state juvenile courts while they were 18 to 20 years old. Prior to 2017, USCIS had not denied a single SIJS petition filed by 18- to 20-year-olds on the grounds that a state juvenile court of any state lacked authority to reunify a child with her or his parent.

46.    USCIS is required to adjudicate all SIJS petitions within 180 days. 8 U.S.C. § 1232(d)(2). Since 2017, USCIS has routinely and as a matter of practice delayed the adjudication of SIJS petitions for months beyond this statutory deadline. This practice leaves many vulnerable youths in a state of uncertainty and increased vulnerability.

47.    In February 2018, USCIS's legal counsel purportedly issued "new guidance" for USCIS, which was never published on its website. In April 2018, USCIS spokesperson Jonathan Withington publicly acknowledged this new guidance. The guidance states that the SJIS statute requires a state court have the authority to return a child to the custody of his or her parent in order for that court to find reunification is not viable, one of the required SIJS findings.

48.    USCIS's new policy has since been incorporated into its Consolidated Handbook of Adjudications Procedures (CHAP), which is distributed to USCIS employees. USCIS has not incorporated the guidance into the publicly available USCIS Policy Manual. *See* USCIS Policy Manual, vol. 6, pt. J.

49.    Beginning in February 2018, USCIS began to issue Notices of Intent to Deny (NOIDs) and denials to applicants in Texas, New York, California, and now Washington, implementing its novel position that the state court that issued SIJS findings was not a "juvenile court" under the SIJS statute when it issued SIJS orders for youth 18 to 20 years old because it did not have the authority to return them to parental custody.

CLASS ACTION COMPLAINT - 15
Case No. 2:19-cv-321

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

50.    In the NOIDs and denials it has issued to Plaintiffs and similarly situated SIJS

petitioners, USCIS has made clear how it applies its new requirement. USCIS now contends that

Washington state courts lack the authority to issue SIJS findings to 18- to 20-year-olds because

Washington courts do not have authority to order the physical reunification of those youth with

their parents.

51.    The SIJS statute contains no such requirement, providing only that the state court

determine that "reunification with one or both of the immigrant's parents is not viable due to

abuse, neglect, abandonment, or similar basis found under State law." 8 U.S.C. §

1101(a)(27)(J)(i). While USCIS has relied on 8 C.F.R. § 204.11 to allege that the SIJS findings

must be issued by a state juvenile court that has authority to reunify petitioners with their

parents, no regulation contains this requirement. *See, e.g.*, 8 C.F.R. § 204.11(a) (defining

"juvenile court"). Even USCIS's own policy manual makes no indication state juvenile courts

must have the legal authority to reunify children with their parents in order to find reunification

is not viable.

52.    USCIS's policy is also inconsistent with the plain language of the statute

regarding age limits for SIJS. Not only does 8 U.S.C. § 1101(b)(1) define a child as an unmarried

person under 21 years of age, the TVPRA provided age-out protections so the SIJS classification

would not be denied to anyone on the basis of age so long as they are under 21 years old on the

date they file a SIJS petition (even if they turn 21 while the petition is pending). With this

change, Congress manifested its clear intent to provide access to SIJS relief to all children and

youth until the age of 21.

53.    In denying SIJS to Plaintiffs, USCIS additionally fails to defer to the state court's

findings, as the SIJS statute requires. Congress granted state courts the exclusive power to make

CLASS ACTION COMPLAINT - 16
Case No. 2:19-cv-321

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

SIJS findings. The SIJS statute specifically reserves for the state courts the ability to make the required custody, dependency, or legal commitment determination; to find that the child cannot reunify with one or both parents due to abuse, abandonment, or neglect; and to make the best interest determination. *See* 8 U.S.C. § 1101(a)(27)(J). USCIS must afford full faith and credit to the state court's expertise in child welfare matters and to the state court's interpretations of state laws when making SIJS findings. *See* USCIS Policy Manual, vol. 6, pt. J, ch. 3(A)(2) ("There is nothing in USCIS guidance that should be construed as instructing juvenile courts on *how to apply their own state law*." (emphasis added)).

54.     Defendants have refused to defer to the state court and have begun to impermissibly challenge the state court's exercise of jurisdiction over Plaintiffs and other youth like them, as well as the state court's legal determination that reunification is not viable under Washington law.

55.     Defendants also refuse to recognize Washington law that expressly grants state courts the authority to take jurisdiction over 18-20-year-olds in certain juvenile court proceedings, including juvenile offender proceedings pursuant to RCW § 13.40.300(3), Vulnerable Youth Guardianship proceedings pursuant to RCW § 13.90.010 *et seq.*, and Extended Foster Care proceedings pursuant to RCW § 13.34.267.

## INDIVIDUAL PLAINTIFFS' ALLEGATIONS

### I. LEOBARDO MORENO GALVEZ

56.     Plaintiff Leobardo Moreno Galvez is a 20-year-old citizen of Mexico. Leobardo made the journey to the United States when he was 14 years old, by himself. In Mexico, Leobardo suffered physical abuse by his father and lacked basic necessities such as food and adequate shelter.

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

57.     After he made the solitary journey to the United States, Leobardo went to live with his aunt, who supported him as he adjusted to life in a new country. His parents had not supported him for more than four years at the time juvenile offender proceedings were commenced against him in 2016 after he was arrested for Minor in Possession of Alcohol as a 17-year-old.

58.     On August 11, 2016, before Leobardo's 18th birthday, the Skagit County Juvenile Court entered an Order Extending Jurisdiction, as authorized by RCW § 13.40.300(3)(a), allowing the court to maintain jurisdiction past the time he would attain the age of 18 on September 2, 2016. The order specified the court would retain jurisdiction until September 2, 2017.

59.     On October 20, 2016, the Skagit County Juvenile Court entered a SIJS Order regarding Leobardo's custody and placement, finding that he had been "legally committed to or placed in the custody of a state agency or department"; that reunification with both of his parents was not viable due to abuse, neglect, or abandonment; and that it was not in his best interest to return to Mexico.

60.     On December 2, 2016, Leobardo submitted his I-360, Petition for SIJS to USCIS. On May 1, 2017, USCIS issued a Request for Evidence, followed by a first NOID on August 23, 2018, and a second NOID on October 31, 2018. Leobardo submitted timely responses to all of these requests.

61.     On December 20, 2018, more than two years after Leobardo filed his SIJS petition, USCIS issued a denial stating that "[w]hile you have presented evidence that a court has placed you in a guardianship with your consent, the evidence you submitted does not establish

CLASS ACTION COMPLAINT - 18
Case No. 2:19-cv-321

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

that the state court had jurisdiction under state law to make a legal conclusion about returning you to your parent(s) custody."

62.     USCIS's denial incorrectly stated Leobardo had been placed "in a guardianship." The Skagit County Superior Court, which issued the predicate SIJS order for Leobardo's SIJS petition, did not place him in a guardianship.

## II. JOSE VICENTE RAMOS

63.     Plaintiff Jose Luis Vicente Ramos is a 20-year-old citizen of Guatemala. Jose was physically abused by both of his parents throughout his childhood. They would beat him with sticks, belts, and cords; his father even beat him with the butt of a rifle. He fled from Guatemala when he was 17 years old.

64.     After entering the United States on July 3, 2016, Jose was immediately detained by immigration authorities and placed in the custody of the Office of Refugee Resettlement. He was thereafter released to live with his cousin and her family in Vancouver, Washington.

65.     On February 8, 2018, Jose was visiting another cousin's home when the police came to the house to conduct a search for drugs. Jose had no knowledge of any drug-related activity and was not charged with any criminal offense. Nevertheless, the police transferred Jose to ICE custody. Jose was taken to the Northwest Detention Center in Tacoma, Washington.

66.     On June 1, 2018, Jose's cousin was appointed his Vulnerable Youth Guardian, and the Pierce County Superior Court also entered a SIJS order finding that reunification with Jose's parents was not viable on account of abuse and it was not in his best interest to return to his home country.

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

67.     On June 11, 2018, Jose filed his Form I-360, Petition for Special Immigrant Juvenile Status. On November 2, 2018, USCIS issued a NOID. Jose submitted a timely response on November 20, 2018.

68.     On February 5, 2019, almost 8 months after Jose filed his SIJS petition, USCIS issued a denial stating that "[w]hile you have presented evidence that a court has . . . placed you in a guardianship with your consent, the evidence you submitted does not establish that the state court had jurisdiction under state law to make a legal conclusion about returning you to your parent(s)' custody."

69.     To this date, Jose remains detained in immigration custody at the Northwest Detention Center in Tacoma, Washington.

### III. ANGEL DE JESUS MUÑOZ OLIVERA

70.     Plaintiff Angel de Jesus Muñoz Olivera is a 19-year-old citizen of Mexico who was abandoned by his father when he was approximately 10 years old. Angel was also physically abused by his mother as a child, and also witnessed domestic violence between his parents in their home.

71.     Angel and his younger brother J.O.M.O. fled Mexico in 2017, after their mother went missing and was discovered dead by the side of the road a few days later. The marks on her body indicated she had likely been murdered. Angel feared for his life.

72.     After presenting themselves to immigration authorities at the border, Angel was separated from his brother and detained by U.S. Immigration and Customs Enforcement (ICE) in Tacoma, Washington for approximately three months.

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

73.    On November 3, 2017, the Pierce County Superior Court appointed Angel's first cousin once removed, who lives in Kennewick, WA, as his Vulnerable Youth Guardian and entered a predicate SIJS order with SIJS findings.

74.    On November 15, 2017, Angel submitted his Form I-360, Petition for Special Immigrant Juvenile Status, to USCIS. USCIS has not adjudicated Angel's SIJS petition, which has been pending before USCIS for nearly 16 months.

75.    Angel is enrolled in high school, participates in youth group activities at his church, and depends on his relative—appointed his vulnerable youth guardian—for support.

## CLASS ACTION ALLEGATIONS

76.     Plaintiffs bring this action on behalf of themselves and all others who are similarly situated pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(2). A class action is proper because this action involves questions of law and fact common to the classes, the classes are so numerous that joinder of all members is impractical, Plaintiffs' claims are typical of the claims of the classes, Plaintiffs will fairly and adequately protect the interests of the respective classes, and Defendants have acted on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate with respect to the class as a whole.

77.    Plaintiffs seek to represent the following statewide class: All individuals who have been issued predicate SIJS orders by Washington state courts after turning eighteen years old but prior to turning twenty-one years old, and have submitted or will submit SIJS petitions to USCIS prior to turning twenty-one years old.

78.    The proposed class meets the numerosity requirements of Federal Rule of Civil Procedure 23(a)(1). The class is so numerous that joinder of all members is impracticable.

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

1   Plaintiffs are not aware of the precise number of potential class members. Plaintiffs estimate

2   there are nearly 100, if not more, class members.

3       79.     The proposed class meets the commonality requirements of Federal Rule of Civil

4   Procedure 23(a)(2). The members of the class are subject to denial or revocation of SIJS relief

5   based on the government's arbitrary imposition of additional requirements not supported by law.

6   The lawsuit raises numerous questions of law common to members of the proposed class,

7   including whether the government's action in imposing an additional requirement for SIJS relief

8   and denying SIJS based on the new requirement violates the INA, whether the government's

9   action is arbitrary and capricious under the APA, and whether the action violated the APA's

10  rulemaking requirements. The lawsuit also challenges the government's delay in adjudicating

11  SIJS petitions in violation of the INA, a practice affecting all members of the proposed class.

12      80.     The proposed class meets the typicality requirements of Federal Rule of Civil

13  Procedure 23(a)(3) because the claims of the representative Plaintiffs are typical of the class.

14  Each of the class members has been denied or will be denied SIJS despite having met the

15  requirements under the law for relief. Plaintiffs and the proposed class share the same legal

16  claims, which assert the same substantive and procedural rights under the INA and APA.

17      81.     The proposed class meets the adequacy requirements of Federal Rule of Civil

18  Procedure 23(a)(4). The representative Plaintiffs seek the same relief as the other members of the

19  class—namely, an order prohibiting the government from relying on its unlawful policy to deny

20  SIJS to children who received SIJS orders from Washington state courts after turning 18 but

21  prior to turning 21, and an order reopening and approving any wrongfully denied SIJS

22  applications.

23

CLASS ACTION COMPLAINT - 22
Case No. 2:19-cv-321

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

82.     Plaintiffs will fairly and adequately protect the interests of the proposed class members because they seek relief on behalf of the class as a whole and have no interest antagonistic to other class members.

83.     Plaintiffs are also represented by competent counsel with extensive experience in complex class actions and immigration law.

84.     The proposed class also satisfies Federal Rule of Civil Procedure 23(b)(2). Defendants have acted on grounds generally applicable to the proposed class, thereby making appropriate final declaratory and injunctive relief.

## CAUSES OF ACTION

## COUNT I

### (Violation of the INA and the APA)

85.     All the foregoing allegations are repeated and realleged as though fully set forth herein.

86.     The INA deems a child eligible for SIJS if he or she is (1) under 21 years of age at the time the petition is filed; (2) unmarried; (3) declared dependent on a state court, or placed in the custody of a state agency or individual appointed by such a court (such as having his or her custodial placement approved by a juvenile probation department or being appointed a guardian); and (4) the subject of specific findings that reunification with one or more parents is not viable due to abuse, abandonment, neglect, or a similar basis under state law, and that it is not in the child's best interest to return to his or her home country. *See* 8 U.S.C. §§ 1101(b)(1), 1101(a)(27)(J), and 1232(d)(6).

87.     Defendants have a policy of requiring that the predicate SIJS order be issued by a state court with the authority to make a legal conclusion about returning the youth to his parent's

custody. Pursuant to this policy, Defendants have denied or will deny all SIJS petitions filed by youth who have obtained SIJS orders in Washington state courts after turning 18 years old but prior to turning 21.

88.     The APA prohibits agency action that is "in excess of statutory jurisdiction, authority, or limitations." 5 U.S.C. § 706(2)(C).

89.      Defendants violate the INA and APA by imposing requirements not found in the statute. Additionally, the requirement at issue contravenes the terms of the statute. In the SIJS statute, Congress defined a child as any unmarried person under 21 years of age. Moreover, Congress recognized state courts' exclusive authority to make determinations about child welfare pursuant to state law. By denying SIJS petitions on the basis of a new requirement not contemplated by the SIJS statute or prior regulations, and by substituting their own decision-making for that of Washington state courts, Defendants have acted in contravention of the plain language of the SIJS statute and violated the APA.

## COUNT II

### (Violation of the APA – Arbitrary and Capricious Action)

90.     All the foregoing allegations are repeated and realleged as though fully set forth herein.

91.     The INA deems a child eligible for SIJS if he or she is (1) under 21 years of age at the time the petition is filed; (2) unmarried; (3) declared dependent on a state court, or placed in the custody of a state agency or individual appointed by such a court (such as having his or her custodial placement approved by a juvenile probation department or being appointed a guardian); and (4) the subject of specific findings that reunification with one or more parents is not viable due to abuse, abandonment, neglect, or a similar basis under state law, and that it is not in the

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

1  child's best interest to return to his or her home country. *See* 8 U.S.C. §§ 1101(b)(1),

2  1101(a)(27)(J), and 1232(d)(6).

3      92.    Defendants have a policy of requiring that the predicate SIJS order be issued by a

4  state court with the authority to make a legal conclusion about returning the youth to his parent's

5  custody. Pursuant to this policy, Defendants have denied or will deny all SIJS petitions filed by

6  youth who have obtained SIJS orders in Washington state courts after turning 18 years old but

7  prior to turning 21.

8      93.    The APA prohibits agency action that is "arbitrary, capricious, an abuse of

9  discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

10     94.     Defendants violate the INA and APA by imposing arbitrary requirements without

11  a basis in the statute. Additionally, the requirement at issue contravenes the terms of the statute.

12  In the SIJS statute, Congress defined a child as any unmarried person under 21 years of age.

13  Moreover, Congress recognized state courts' exclusive authority to make determinations about

14  child welfare pursuant to state law. By denying SIJS petitions on the basis of an arbitrary

15  requirement not contemplated by the SIJS statute nor prior regulations, and by substituting their

16  own decision-making for that of Washington state courts, Defendants have acted in

17  contravention of the INA and violated the APA.

18                            **COUNT III**

19              **(Violation of the APA – Notice and Comment Rulemaking)**

20     95.     All the foregoing allegations are repeated and realleged as though fully set forth

21  herein.

22     96.    The INA deems a child eligible for SIJS if he or she is (1) under 21 years of age at

23  the time the petition is filed; (2) unmarried; (3) declared dependent on a state court, or placed in

CLASS ACTION COMPLAINT - 25
Case No. 2:19-cv-321

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

the custody of a state agency or individual appointed by such a court (such as having his or her

custodial placement approved by a juvenile probation department or being appointed a guardian);

and (4) the subject of specific findings that reunification with one or more parents is not viable

due to abuse, abandonment, neglect, or a similar basis under state law, and that it is not in the

child's best interest to return to his or her home country. *See* 8 U.S.C. §§ 1101(b)(1),

1101(a)(27)(J), and 1232(d)(6).

97.     Defendants have a policy of requiring that the predicate SIJS order be issued by a

state court with the authority to make a legal conclusion about returning the youth to his parent's

custody. Pursuant to this policy, Defendants have denied or will deny all SIJS petitions filed by

for youth who have obtained SIJS orders in Washington state courts after turning 18 years old

but prior to turning 21.

98.     In implementing the new USCIS policy, the agency has changed the substantive

criteria necessary for obtaining SIJS relief. Defendants did not follow the procedures required by

the APA before taking action impacting these substantive rights.

99.      With exceptions that are not applicable here, agency rules must go through

notice-and-comment rulemaking. *See* 5 U.S.C. § 553.

100.    Defendants promulgated and implemented these rules without authority and

without notice-and-comment rulemaking, in violation of the APA. Plaintiffs are impacted

because they have not had the opportunity to comment on the imposition of a new SIJS

eligibility requirement.

## <u>COUNT IV</u>

### (Violation of the INA and APA; Petition for Mandamus)

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

101.    All the foregoing allegations are repeated and realleged as though fully set forth herein.

102.    The INA requires USCIS to adjudicate all SIJS petitions within 180 days after the date on which the petition is filed. 8 U.S.C. § 1232(d)(2).

103.    Defendants have an unlawful practice of delaying the adjudication of SIJS petitions filed by proposed class members beyond the 180-day statutory deadline.

104.    SIJS adjudications are discrete agency actions USCIS is required to take. Such adjudications also constitute final agency actions that mark the end of the agency's decision-making process, and they determine a SIJS petitioner's rights and obligations.

105.    The APA prohibits "agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). Under the APA, Defendants have a duty to adjudicate SIJS petitions within a "reasonable time." 5 U.S.C. § 555(b). The statutory deadline establishes the timeframe Congress considers a "reasonable time" under the APA. Defendants' failure to timely adjudicate Plaintiffs' and proposed class members' SIJS petitions constitutes unreasonably delayed action that the APA empowers this Court to compel.

106.    Mandamus is available to compel a federal official or agency to perform a duty owed to the plaintiff. *See* 28 U.S.C. § 1361. Defendants' failure to timely adjudicate Plaintiffs' and proposed class members' SIJS petitions violates the government's clear, nondiscretionary obligation to adjudicate SIJS petitions within 180 days after the date of filing.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully pray for this Court to:

a.    Assume jurisdiction over this matter;

b.    Certify the case as class action as proposed herein;

CLASS ACTION COMPLAINT - 27
Case No. 2:19-cv-321

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

c. Appoint Plaintiffs as representatives of the class;

d. Declare that Defendants' denial of SIJS and imposition of a new requirement for SIJS relief is contrary to state and federal law and violates the Immigration and Nationality and Administrative Procedure Act;

e. Declare that the imposition of a new requirement for SIJS eligibility and resulting denial of Plaintiffs' and the putative class members' SIJS petitions by USCIS were arbitrary;

f. Permanently enjoin Defendants from:

    i. Denying SIJS petitions on the grounds that a Washington state court does not have jurisdiction or authority to reunify an 18 to 20 year old with his or her parents;

    ii. Initiating removal proceedings against or removing any SIJS petitioner who was placed into the custody of a state agency or department pursuant to RCW § 13.40.300, appointed a guardian pursuant to RCW § 13.90.010 *et seq.*, or placed into extended foster care under RCW § 13.34.267, and whose SIJS petition has been denied on the grounds that the Washington state court did not have authority to "reunify" an individual who has reached age 18 with his or her parents; and

    iii. Providing less than 14 days' notice to Plaintiffs' counsel before Defendants take any adverse adjudicatory or enforcement action against any of the Plaintiffs or members of the Proposed class during the pendency of this litigation;

    iv. Delaying the adjudication of class members' SIJS petitions beyond the statutory 180-day deadline for rendering a decision on such petitions;

g. Rescind the improper denials of Plaintiffs' and class members' SIJS petitions, and order USCIS to reopen their petitions;

CLASS ACTION COMPLAINT - 28
Case No. 2:19-cv-321

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

h.  Award Plaintiffs' counsel reasonable attorneys' fees under the Equal Access to Justice Act, and any other applicable statute or regulation; and

i.   Grant such further relief as the Court deems just, equitable, and appropriate.

DATED this 5th day of March, 2019.

s/ Matt Adams
Matt Adams, WSBA No. 28287

s/ Leila Kang
Leila Kang, WSBA No. 48048

s/ Aaron Korthuis
Aaron Korthuis, WSBA No. 53974

s/ Tim Warden-Hertz
Tim H. Warden-Hertz, WSBA No. 53042

s/ Meghan Casey
Meghan Casey, WSBA No. 45275

s/ Olivia Gibbons
Olivia Gibbons, WSBA No. 52760

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Telephone: (206) 957-8611
Email:  matt@nwirp.org
        leila@nwirp.org
        aaron@nwirp.org
        tim@nwirp.org
        meghan@nwirp.org
        olivia@nwirp.org

CLASS ACTION COMPLAINT - 29
Case No. 2:19-cv-321

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611