The Honorable Robert S. Lasnik

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| Leobardo MORENO GALVEZ, Jose Luis VICENTE RAMOS, and Angel de Jesus MUÑOZ OLIVERA, on behalf of themselves as individuals and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>Lee Francis CISSNA, Director, U.S. Citizenship and Immigration Services, Kirstjen M. NIELSEN, Secretary, U.S. Department of Homeland Security, Robert COWAN, Director, National Benefits Center, UNITED STATES DEPARTMENT OF HOMELAND SECURITY, AND THE UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>Defendants. | Case No.  2:19-cv-321-RSL<br><br>BRIEF OF AMICUS CURIAE STATE OF WASHINGTON IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION |

BRIEF OF AMICUS CURIAE STATE OF WASHINGTON IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104-3188
(206) 464-7744

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. IDENTITY AND INTEREST OF AMICUS CURIAE ................................................. 2

III. ARGUMENT .................................................................................................................. 2

    A. Washington Courts Routinely Exercise Jurisdiction Over Youth Through Age Twenty-One ......................................................................................................... 4

    B. USCIS's Policy Frustrates the Washington Legislature's Work to Align State Law with Federal Law ......................................................................................... 5

    C. USCIS's Policy Disregards Washington Courts' Expertise in Making Child Welfare Determinations ...................................................................................... 6

IV. CONCLUSION ............................................................................................................... 9

BRIEF OF AMICUS CURIAE STATE OF WASHINGTON IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

i

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

# TABLE OF AUTHORITIES

**Federal Cases**

*Ankenbrandt v. Richards*, 504 U.S. 689 (1992) ................................................................ 3

*Ex parte Burrus*, 136 U.S. 586 (1890) ............................................................................. 3

*J.L. v. Cissna*, 341 F. Supp. 3d 1048 (N.D. Cal. 2018) ..................................................... 1

*M. v. Nielsen*, No. 1:18-cv-05068-JGK (S.D.N.Y. March 15, 2019) ................................ 1

*Mac Donald v. Mac Donald*, 755 F.2d 715 (9th Cir. 1985) ............................................. 4

*Perez-Olano v. Gonzales*, 248 F.R.D. 248 (C.D. Cal. 2008) ........................................... 8

**State Cases**

*City of Seattle v. McKenna*, 259 P.3d 1087 (Wash. 2011) ............................................... 2

*In re Aschauer*, 611 P.2d 1245 (Wash. 1980) .................................................................. 7

*In re Dependency of J.B.S.*, 863 P.2d 1344 (Wash. 1993) ............................................... 7

*In re Dependency of Schermer*, 169 P.3d 452 (Wash. 2007) .......................................... 7

*In re R.W.*, 177 P.3d 186 (Wash. Ct. App. 2008) ............................................................ 7

*In re Sumey*, 621 P.2d 108 (Wash. 1980) ........................................................................ 2

*Young Ams. for Freedom v. Gorton*, 588 P.2d 195 (Wash. 1978) ................................... 2

**Federal Statutes**

8 U.S.C. § 1101(a)(27)(J) .................................................................................................. 1

8 U.S.C. § 1101(a)(27)(J)(i) .............................................................................................. 3

8 U.S.C. § 1101(a)(27)(J)(i)-(ii) ................................................................................ 1, 2, 3

8 U.S.C. § 1101(b)(1) ....................................................................................................... 6

**State Statutes**

Wash. Rev. Code § 13.04.030(1) ...................................................................................... 7

Wash. Rev. Code § 13.34.025 ....................................................................................... 7, 8

Wash. Rev. Code § 13.34.030(1) ...................................................................................... 7

BRIEF OF AMICUS CURIAE STATE OF WASHINGTON IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

ii

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

| | | |
|---|---|---|
| 1 | Wash. Rev. Code § 13.34.030(2) | 2 |
| 2 | Wash. Rev. Code § 13.34.030(6) | 7 |
| 3 | Wash. Rev. Code § 13.34.030(9) | 5 |
| 4 | Wash. Rev. Code § 13.34.060 | 7 |
| 5 | Wash. Rev. Code § 13.34.060(2) | 7 |
| 6 | Wash. Rev. Code § 13.34.120 | 7 |
| 7 | Wash. Rev. Code § 13.34.130(1) | 7 |
| 8 | Wash. Rev. Code § 13.34.130(1)(b)(iii) | 8 |
| 9 | Wash. Rev. Code § 13.34.136 | 7 |
| 10 | Wash. Rev. Code § 13.34.138(2) | 7 |
| 11 | Wash. Rev. Code § 13.34.210 | 1 |
| 12 | Wash. Rev. Code § 13.34.257(5) | 5 |
| 13 | Wash. Rev. Code § 13.34.257(7) | 5 |
| 14 | Wash. Rev. Code § 13.34.267 | 2, 4, 5, 7 |
| 15 | Wash. Rev. Code § 13.34.267(1) | 5 |
| 16 | Wash. Rev. Code § 13.40.040(5) | 5 |
| 17 | Wash. Rev. Code § 13.40.300(1) | 5 |
| 18 | Wash. Rev. Code § 13.40.300(3) | 5 |
| 19 | Wash. Rev. Code § 13.40.300(3)(c) | 5 |
| 20 | Wash. Rev. Code § 13.90.030(2)(b) | 7 |
| 21 | Wash. Rev. Code § 13.90.040 | 5 |
| 22 | Wash. Rev. Code § 13.90.900 | 2, 5, 6 |
| 23 | Wash. Rev. Code § 13.90.901(1)(a) | 6 |
| 24 | Wash. Rev. Code § 13.90.901(1)(d) | 2, 6 |
| 25 | Wash. Rev. Code § 43.10.030 | 2 |
| 26 | Wash. Rev. Code § 74.13.031(16) | 5 |

BRIEF OF AMICUS CURIAE STATE OF WASHINGTON IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

iii

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

**State Session Laws**

Delinquent Juveniles—Jurisdiction Beyond Eighteenth and Twenty-First Birthdays, 1975 Wash. Sess. Laws 574-75 ............................................................................. 4

**State Regulations**

Wash. Admin. Code § 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 ..................................................................... 5

**Other Authorities**

Findings and Order Regarding Eligibility for Special Immigrant Juvenile Status (FOSIJS), JU 11.0500 (June 2018), http://www.courts.wa.gov/forms/documents/JU11_0500%20Finding%20and%20Order%20re%20Eligibility%20for%20Special%20Immigrant%20Juvenile%20Status.doc ........ 3

Wash. State Supreme Court Gender & Justice Comm'n & Minority & Justice Comm'n, *Immigration Resource Guide For Judges* (July 2013), http://www.courts.wa.gov/content/manuals/Immigration/ImmigrationResourceGuide.pdf ................................................................................................................. 8

BRIEF OF AMICUS CURIAE STATE OF WASHINGTON IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

iv

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104-3188
(206) 464-7744

## I. INTRODUCTION

Plaintiffs are young Washingtonians who seek safety and stability after suffering abuse, neglect, or abandonment by their parents. Since 1990, Congress has afforded a path to legal status for young people whose parents cannot care for them, and whose best interests would be harmed by a return to their home country. 8 U.S.C. § 1101(a)(27)(J).

Although Congress explicitly vested state courts with the responsibility to establish the factual bases of Special Immigrant Juvenile Status (SIJS), *see* 8 U.S.C. § 1101(a)(27)(J)(i)-(ii), in 2018, U.S. Citizenship and Immigration Services (USCIS) adopted a policy of refusing to recognize findings of state courts if the court does not have the authority to return the youth to the custody of a parent. *See* Declaration of Sydney Maltese (Maltese Decl.), ECF No. 4; Ex. A at 9, ECF No. 4-1; Ex. B at 1, ECF No. 4-2; Ex. C at 2-3, ECF No. 4-3.[1] USCIS's new policy—issued without notice or comment—frustrates our state Legislature's work to protect the welfare of young Washingtonians and undermines the authority of our state courts in a quintessential area of state expertise. The Court should join two other federal courts and enjoin USCIS's unlawful policy as applied to Washington youth. *See* Opinion and Order, *M. v. Nielsen*, No. 1:18-cv-05068-JGK, 3 (S.D.N.Y. March 15, 2019), ECF No. 119 ("[USCIS]'s conclusion that family courts in New York do not have authority to make custody determinations is based on a misunderstanding of New York State law"); *J.L. v. Cissna*, 341 F. Supp. 3d 1048, 1059 (N.D. Cal. 2018) (enjoining USCIS from applying its new policy in California and recognizing that California law "unambiguously grants its probate courts with such jurisdiction" to make the required SIJS findings) (citing Cal. Code Civ. Proc. § 155(a)(1), and Cal. Prob. Code § 1510.1).

---

[1] As a practical matter, Washington wonders how USCIS's policy applies to youth—of any age—who have no parents. For children whose parents' rights have been terminated, *see* Wash. Rev. Code § 13.34.210, or those whose parents are deceased, there exists no parent for a court to consider returning the child to. On its face, USCIS's policy appears to preclude any of these children from being granted SIJS, regardless of the clear non-viability of parent reunification and whether they have experienced abuse, neglect, or abandonment. This is an issue that Washington likely would have raised during a notice and comment period, if USCIS had followed the required process. *See* Complaint ¶¶ 95-100, ECF No. 1.

BRIEF OF AMICUS CURIAE STATE OF WASHINGTON IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

1

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 442-4492

## II.     IDENTITY AND INTEREST OF AMICUS CURIAE

The State of Washington submits this amicus brief to ensure that its vulnerable youth have access to the humanitarian relief expressly created by Congress. As the legal adviser to the State of Washington, *see* Wash. Rev. Code § 43.10.030, the Attorney General's constitutional and statutory powers include the submission of amicus briefs on matters that affect the public interest. *See Young Ams. for Freedom v. Gorton*, 588 P.2d 195, 200 (Wash. 1978); *City of Seattle v. McKenna*, 259 P.3d 1087, 1091-92 (Wash. 2011) (Washington Attorney General's "powers and duties" include "discretionary authority to act in any court, state or federal, trial or appellate, on a matter of public concern") (internal quotation marks omitted).

The State of Washington has a strong interest in the welfare of its vulnerable youth, including their ability to apply for SIJS. *See In re Sumey*, 621 P.2d 108, 111 (Wash. 1980) (recognizing the State's interest in "protecting the physical and mental health of the child"); Wash. Rev. Code § 13.90.901(1)(d) (specifically vesting state courts with jurisdiction to make the factual findings necessary for vulnerable youth to petition for SIJS). Congress expressly recognizes the State of Washington's interest in the welfare of its children, and in SIJS eligibility specifically, by deferring to state court determinations regarding an immigrant youth's best interests. *See* 8 U.S.C. § 1101(a)(27)(J)(i)-(ii).

## III.     ARGUMENT

Washington law authorizes state courts to determine the appropriate custody for youth through the age of twenty-one. *See e.g.*, Wash. Rev. Code § 13.90.900. Under Washington dependency law, the definition of "child," "juvenile," and "youth" includes "[a]ny individual age eighteen to twenty-one years who is eligible to receive and who elects to receive the extended foster care services." Wash. Rev. Code § 13.34.030(2). As such, Washington's juvenile courts routinely make ongoing placement decisions for youth after they turn eighteen. *See*, *e.g.*, Wash. Rev. Code § 13.34.267.

BRIEF OF AMICUS CURIAE STATE OF WASHINGTON IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

2

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

In discharging their duty to oversee the welfare of Washington's most vulnerable youth, Washington courts statewide routinely consider and issue SIJS findings. *Cf.* Findings and Order Regarding Eligibility for Special Immigrant Juvenile Status (FOSIJS), JU 11.0500 (June 2018), http://www.courts.wa.gov/forms/documents/JU11_0500%20Finding%20and%20Order%20re%20Eligibility%20for%20Special%20Immigrant%20Juvenile%20Status.doc, (last visited March 25, 2019) (providing courts a form order for issuing SIJS findings); *see also*, *e.g.*, Maltese Decl. ¶ 5, ECF No. 4; Ex. D, ECF No. 4-4; Ex. H, ECF No. 4-8; Ex. K, ECF No. 4-11.

The SIJS statute requires USCIS to defer to these state court determinations. 8 U.S.C. § 1101(a)(27)(J)(i)-(ii) (authorizing SIJS for youth "declared dependent on a juvenile court . . . or whom such a court has . . . placed under the custody of an agency or department of a State, or an individual or entity appointed by a State or juvenile court"); *see also J.L. v. Cissna*, 341 F. Supp. 3d 1048, 1061-62 (N.D. Cal. 2018) ("Congress appropriately reserved for state courts the power to make child welfare decisions, an area of traditional state concern and expertise.") (citing *Perez-Olano v. Gonzalez*, 248 F.R.D. 248, 265 (C.D. Cal. 2008)).[2] By reserving these fact-specific findings for state courts and including other "bases found under State law" wherein reunification with a parent is not viable, 8 U.S.C. § 1101(a)(27)(J)(i), Congress properly acknowledges the expertise of our state courts over issues of child welfare. *See*, *e.g.*, *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992) ("[A]s a matter of judicial expertise, it makes far more sense to retain the rule that federal courts lack power to issue [divorce, alimony, and child custody] decrees because of the special proficiency developed by state tribunals over the past century and a half in handling issues that arise in the granting of such decrees."); *Ex parte Burrus*, 136 U.S. 586, 593-94 (1890) ("The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United

---

[2] Indeed, the "evidence accompanying a SIJ[S] petition only needs to 'establish that the juvenile court based its decision, *including whether or not it has jurisdiction to issue the order, on state law* rather than federal immigration law.'" *J.L. v. Cissna*, 341 F. Supp. 3d at 1061 (citing USCIS Consolidated Handbook of Adjudication Procedures, Vol. 6, 7 (April 30, 2018), ECF No. 34-10).

BRIEF OF AMICUS CURIAE STATE OF WASHINGTON IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

3

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

States."); *Mac Donald v. Mac Donald*, 755 F.2d 715, 717 (9th Cir. 1985) ("It is appropriate for bankruptcy courts to avoid incursions into family law matters 'out of consideration of . . . deference to our state court brethren and their established expertise in such matters.'") (citing *In re Graham*, 14 B.R. 246, 248 (Bankr. W.D.Ky. 1981)).

Notwithstanding Congress's clear command of deference to state courts, USCIS adopted a policy that not only contravenes federal law, but also interferes with the ability of Washington courts to employ their considerable expertise and protect the welfare of Washington youth. The policy should be enjoined.

### A. Washington Courts Routinely Exercise Jurisdiction Over Youth Through Age Twenty-One

The jurisdiction of Washington's juvenile courts has long extended to youth older than eighteen. *See*, *e.g.*, Delinquent Juveniles—Jurisdiction Beyond Eighteenth and Twenty-First Birthdays, 1975 Wash. Sess. Laws 574-75.[3] Longstanding Washington laws cover youth between eighteen and twenty-one, as demonstrated in the following two ways.

First, Washington's Department of Children, Youth, and Families (DCYF) operates an extended foster care (EFC) program that authorizes the juvenile court to maintain jurisdiction over dependent youth between the ages of eighteen and twenty-one. Wash. Rev. Code § 13.34.267. Only youth between eighteen and twenty-one are eligible for EFC. *Id*. The purpose of EFC is "to promote permanency and positive outcomes" for youth otherwise at increased risk of "poor outcomes in a variety of areas, including limited human capital upon which to build economic security and inability to fully take advantage of secondary and postsecondary educational opportunities, untreated mental or behavioral health problems, involvement in the criminal justice and corrections systems, and early parenthood combined with second-generation child welfare involvement." *See* Findings—2013 c 332 *in* Wash. Rev. Code § 13.34.267. By continuing to deliver case management and placement services for youth beyond the age of

---

[3] http://leg.wa.gov/CodeReviser/documents/sessionlaw/1975ex1c170.pdf (last visited March 25, 2019).

BRIEF OF AMICUS CURIAE STATE OF WASHINGTON IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

4

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

eighteen, Washington maximizes a young person's access to assistance in meeting basic needs and eligibility for court-ordered services for finding stable placement, pursuing secondary eduction, developing job skills, and accessing medical and mental health treatment. Wash. Rev. Code §§ 13.34.030(9), 13.34.267, 13.90.040; Wash. Rev. Code § 74.13.031(16); Wash. Admin. Code § 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. As part of EFC, Washington courts make the findings necessary for an immigrant youth to pursue SIJS classification. *See* Wash. Rev. Code § 13.34.267(1), (5), (7).

Second, Washington's juvenile court maintains jurisdiction over youth ages eighteen to twenty-one through the juvenile justice system. Washington's juvenile courts may extend their jurisdiction over youth, if, prior to the youth's eighteenth birthday, (1) juvenile offender or adult criminal proceedings are pending, or (2) an automatic extension is necessary for disposition, or sentence, to be imposed or enforced, Wash. Rev. Code § 13.40.300(3). Under state law, juveniles in custody may be released only to a "responsible adult" or Washington's Department of Social and Health Services (DSHS). Wash. Rev. Code § 13.40.040(5). The juvenile court has authority to commit a juvenile to DSHS for placement in a juvenile facility up to the youth's twenty-first birthday. *See* Wash. Rev. Code § 13.40.300(1). When a juvenile is commited to DSHS, the court's jurisdiction automatically extends such that the court may impose conditions for release up until the age of twenty-one, and sometimes until age twenty-five, depending on the nature of the juvenile offense. Wash. Rev. Code § 13.40.300(3)(c). When committing juveniles to DSHS under these provisions, Washington courts can and do enter findings that serve as the predicate for SIJS status. *See*, e.g., Maltese Decl. ¶ 5, ECF No. 4, Ex. D, ECF No. 4-4.

**B.     USCIS's Policy Frustrates the Washington Legislature's Work to Align State Law with Federal Law**

In addition to EFC and juvenile justice jurisdiction, the Washington Legislature recently provided youth with a third avenue to access state courts in order to obtain the predicate findings for SIJS. In 2017, the Legislature established the Vulnerable Youth Guardianship (VYG) program for eighteen to twenty-one-year olds. *See* Wash. Rev. Code § 13.90.900. The VYG

BRIEF OF AMICUS CURIAE STATE OF WASHINGTON IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

5

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

program expanded the juvenile court's jurisdiction by allowing vulnerable youth to consent to state-appointed guardianship as a means to eliminate human trafficking, prevent youth victimization, decrease reliance on public resources, reduce youth homelessness, and offer protection for youth who may otherwise be targets for traffickers. *Id*.

In creating the VYG program, the Legislature's explicit purpose was to address barriers to SIJS due to "misalignment between state and federal law." Wash. Rev. Code § 13.90.901(1)(d). Under federal immigration law, SIJS is available to youth until the age of twenty-one. *See* 8 U.S.C. § 1101(b)(1) (defining "child," for purposes including SIJS, as "an unmarried person under twenty-one years of age"). Prior to 2017, however, Washington youth between eighteen and twenty-one years old who were not already under the jurisdiction of a juvenile court were largely unable to petition Washington courts for SIJS required findings because they were unable to initiate a new juvenile court proceeding once they turned eighteen. Wash. Rev. Code § 13.90.901(1)(d). Through the VYG program, the Legislature intentionally "[o]pen[ed] court doors" so all vulnerable Washington youth under the age of twenty-one could access the benefits of SIJS. Wash. Rev. Code § 13.90.900; *see also* Wash. Rev. Code § 13.90.901(1)(a) (extending juvenile court jurisdiction for "judicial determinations regarding the custody and care of youth" and the findings necessary for a youth to petition for SIJS). Through the VYG program, the state Legislature aligned Washington law with federal immigration law and achieved two beneficial results: it gave greater effect to the scope of humanitarian relief intended by Congress, while also furthering Washington's duty to support and protect vulnerable young people in our state.

C. **USCIS's Policy Disregards Washington Courts' Expertise in Making Child Welfare Determinations**

USCIS's new policy fails to recognize Washington courts' expertise in making welfare determinations for young Washingtonians, including those who have reached the age of legal majority. Washington's juvenile courts have exclusive original jurisdiction over all dependency,

BRIEF OF AMICUS CURIAE STATE OF WASHINGTON IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

6

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

out-of-home placement, and juvenile offender related proceedings. Wash. Rev. Code § 13.04.030(1).

In determining whether a youth is dependent, Washington courts consider whether the youth has been sexually abused or exploited, injured, negligently treated, and whether parents have foregone their parenting responsibilities for an extended period of time. *See* Wash. Rev. Code § 26.44.020(1); Wash. Rev. Code §§ 13.34.030(1), (6). In doing so, Washington courts "have broad discretion and considerable flexibility to receive and evaluate all relevant evidence in reaching a decision that recognizes both the welfare of the child and parental rights." *In re Dependency of Schermer*, 169 P.3d 452, 465 (Wash. 2007) (quoting *In re Welfare of Becker*, 553 P.2d 1339, 1343 (Wash. 1976)). In making placement decisions, state courts make fact-based determinations about youth health, safety and welfare. Wash. Rev. Code §§ 13.34.060, .130(1), .138(2).

Likewise, in decisions over custody, placement, and guardianship, Washington's juvenile courts consider circumstance-specific facts to determine what is in youths' best interests. Wash. Rev. Code §§ 13.34.060(2), .136; Wash. Rev. Code § 13.90.030(2)(b); *see also In re R.W.*, 177 P.3d 186, 188 (Wash. Ct. App. 2008) (in determining appropriate placement, the child's best interests are the court's primary concern) (citing *In re Dependency of J.B.S.*, 863 P.2d 1344, 1349 (Wash. 1993)). For example, Washington courts look to factors like the youth's wishes, psychological and emotional bonds with potential caregivers and siblings, concerns raised by the youth's court appointed advocate, developmental and emotional needs, cultural heritage, and ties to a particular community or location. *See* Wash. Rev. Code §§ 13.34.025, .120, .267; *see also*, *e.g.*, *In re Dependency of J.B.S.*, 863 P.2d at 1349-50; *In re Aschauer*, 611 P.2d 1245, 1249 (Wash. 1980). "With regard to sibling relationships, Washington courts prioritize placement with siblings because the state Legislature "presumes that nurturing the existing sibling relationships is in the best interest of a child, in particular in those situations where a child cannot be with their parents, guardians, or legal custodians as a result of court intervention."

BRIEF OF AMICUS CURIAE STATE OF
WASHINGTON IN SUPPORT OF
PLAINTIFFS' MOTION FOR
PRELIMINARY INJUNCTION

7

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492

Intent—2002 c 52 *in* Wash. Rev. Code § 13.34.025; *see also, e.g.*, Wash. Rev. Code § 13.34.130(1)(b)(iii) (DCYF may consider placing a child "with a person with whom the child's sibling or half-sibling is residing or a person who has adopted the sibling or half-sibling of the child being placed," "subject to review and approval by the court").

All of this goes to show that Washington courts are highly capable of making the necessary factual determinations for SIJS eligibility. In fact, Washington courts have relied on Congress's explicit deference to state courts and developed careful guidance as to how to consider evidence and issue findings on the factual requirements for SIJS. In 2013, two Washington State Supreme Court Commissions issued a joint resource guide for judges with information specific to SIJS. *See* Wash. State Supreme Court Gender & Justice Comm'n & Minority & Justice Comm'n, *Immigration Resource Guide For Judges*, 8-12 (July 2013), http://www.courts.wa.gov/content/manuals/Immigration/ImmigrationResourceGuide.pdf, (last visited March 25, 2019). The guide recognizes that juvenile courts "play an integral part in establishing a child's eligibility for SIJS classification." *Id*. (citing 8 U.S.C. § 1101(a)(27)(J)(i); 8 C.F.R. § 204.11(a)).

In short, USCIS's rejection of SIJS findings for youth over eighteen ignores the authority and expertise of our state courts, and dismisses the seriousness and care with which Washington judges approach SIJS findings. *Accord Perez-Olano v. Gonzales*, 248 F.R.D. 248, 265 (C.D. Cal. 2008) ("[B]y limiting the specific consent requirement to custody and placement decisions, Congress appropriately reserved for state courts the power to make child welfare decisions, an area of traditional state concern and expertise."). USCIS should be ordered to comply with federal law and credit Washington courts' careful, factually specific determinations about the best interests of Washington youth.

BRIEF OF AMICUS CURIAE STATE OF WASHINGTON IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

8

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA  98104
(206) 442-4492

### IV. CONCLUSION

The Court should grant Plaintiffs' requested injunction and reaffirm the longstanding and congressionally mandated role of Washington courts in making important welfare determinations for Washington's young immigrants.

Dated this 25th day of March, 2019.

Respectfully submitted,

BOB FERGUSON
Attorney General of Washington

s/ *Chalia Stallings-Ala'ilima*
CHALIA STALLINGS-ALA'ILIMA
WSBA # 40694
Assistant Attorney General
Civil Rights Division
Office of the Attorney General
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 464-7744
chalias@atg.wa.gov

BRIEF OF AMICUS CURIAE STATE OF WASHINGTON IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

9

ATTORNEY GENERAL OF WASHINGTON
Civil Rights Division
800 Fifth Avenue, Suite 2000
Seattle, WA 98104
(206) 442-4492