District Judge Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LEOBARDO MORENO GALVEZ, *et al.*,<br><br>Petitioner-Plaintiffs,<br><br>v.<br><br>LEE FRANCIS CISSNA, *et al.*,<br><br>Respondent-Defendants. | Case No. 2:19-cv-321-RSL<br><br>RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION<br><br>Noted for Consideration on April 5, 2019. |

Defendants submit the following response in opposition to Plaintiffs' Motion for Class Certification (the Motion). Dkt. 2.

## I.   INTRODUCTION

Plaintiffs seek to certify a class of individuals aged 18-20, who have obtained deficient orders from Washington state courts that lack competent jurisdiction, and who have submitted—or may submit at some unknown point in the future—a petition for Special Immigrant Juvenile (SIJ) classification with the United States Citizenship & Immigration Services (USCIS) before reaching the age of 21.

As will be shown below, certain named Plaintiffs should be dismissed from this action because they have not suffered a redressable injury sufficient to satisfy Article III's standing

DEFENDANTS' RESPONSE TO MOTION FOR CLASS CERTIFICATION
[Case No. 2:19-cv-321-RSL] – 1

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

requirements. Further, the motion for class certification should be denied because Plaintiffs have not shown that the proposed class, as currently defined, meets Rule 23(a)'s prerequisites of numerosity, commonality, or typicality. First, Plaintiffs have not established that the putative class is sufficiently numerous, or that joinder would be impracticable, because the overwhelming majority of potential class members' SIJ petitions originated from the Puget Sound area, they are known to Plaintiffs' counsel, and they have a strong incentive to vigorously pursue their individual claims. Second, Plaintiffs cannot establish that the unique questions of fact and law surrounding their individualized petitions for SIJ classification, and the agency's distinct reasons for denying those petitions, are common to the class they seek to certify. Finally, Plaintiffs have not demonstrated how their individualized claims arising from the denial of their SIJ petitions are typical of the putative class.

Accordingly, Plaintiffs cannot satisfy the requirements of Rule 23 and the Court should deny the motion for class certification.

## II.     LEGAL BACKGROUND

### A.     The SIJ Statute & Applicable Agency Regulations.

Congress added Special Immigrant Juveniles into the definition of special immigrants at 8 U.S.C. § 1101(a)(27)(J), to provide a path to lawful immigration status for juvenile immigrants physically present in the United States who became dependent on state courts and were then deemed eligible for long-term foster care. Immigration Act of 1990, Pub. L. No. 101-649, § 153, 104 Stat. 4978 (1990). In passing the SIJ statute, Congress recognized that undocumented minors in foster care that were dependent on the state juvenile systems were an especially vulnerable group because they lacked parental guidance and the ability to transition

DEFENDANTS' RESPONSE TO MOTION FOR CLASS CERTIFICATION
[Case No. 2:19-cv-321-RSL] – 2

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

from state custody to independence. *See generally* Special Immigrant Status, 58 Fed. Reg. 42843-01, 42844 (Aug. 12, 1993), 1993 WL 304167.

After subsequent amendments to the SIJ statute in 1997[1] and 2008[2], the universe of those potentially eligible for SIJ classification is limited to:

[A]n immigrant who is present in the United States—

(i) who has been declared dependent on a juvenile court located in the United states or whom such a court has legally committed to, or placed under the custody of, an agency or department of a State, or an individual or entity appointed by a State or juvenile court located in the United States, and whose reunification with 1 or both of the immigrant's parents is not viable due to abuse, neglect, abandonment, or a similar basis found under State law;

(ii) for whom it has been determined in administrative or judicial proceedings that it would not be in the alien's best interest to be returned to the alien's or parent's previous country of nationality or country of last habitual residence; and

(iii) in whose case the Secretary of Homeland Security consents to the grant of special immigrant juvenile status . . .

8 U.S.C. § 1101(a)(27)(J)(i)-(iii). Congress included the discretionary element of consent in subsection iii to allow the agency to review SIJ petitions and verify that SIJ classification was not being "sought primarily for the purpose of obtaining the status of an alien lawfully admitted for permanent residence, rather than for the purpose of obtaining relief from abuse or neglect." *See* Appropriations Act, Pub. L. No. 105-119, § 113, 111 Stat. 2440 (1997); *see also* U.S. Congress, House Comm. on Appropriations, *Making Appropriations for the Depts. of Commerce, Justice, and State, the Judiciary, and Related Agencies for the Fiscal Year Ending*

---

[1] The 1997 amendments limited SIJ eligibility to juveniles declared dependent by a state court based on abuse, neglect, or abandonment. *See* Appropriations Act, Pub. L. No. 105-119, § 113, 111 Stat. 2440 (1997).

[2] The William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 (TVRPA), Pub. L. No. 110-457, § 235, 122 Stat. 5044 (2008), further clarified the SIJ eligibility requirements, recognizing the shift in child protection laws away from long-term foster care.

DEFENDANTS' RESPONSE TO MOTION FOR CLASS CERTIFICATION
[Case No. 2:19-cv-321-RSL] – 3

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

*September 30, 1998, and for Other Purposes*, Conference Report to Accompany H.R. 2267, 143 Cong. Rec. H. 10809-01 (daily ed. Nov. 13, 1997), 1997 WL 705004, at *111.

USCIS's regulations implementing the SIJ statute provide that an alien is eligible for SIJ classification so long as the individual:

(1) Is under twenty-one years of age;

(2) Is unmarried;

(3) Has been declared dependent upon a juvenile court located in the United States in accordance with state law governing such declarations of dependency, while the alien was in the United States and under the jurisdiction of the court;

(4) Has been deemed eligible by the juvenile court for long-term foster care;

(5) Continues to be dependent upon the juvenile court and eligible for long-term foster care, such declaration, dependency, or eligibility not having been vacated, terminated, or otherwise ended; and

(6) Has been the subject of judicial proceedings or administrative proceedings authorized or recognized by the juvenile court in which it has been determined that it would not be in the alien's best interest to be returned to the country or nationality or last habitual residence of the beneficiary or his or her parent or parents . . . .

8 C.F.R. § 204.11(c)(1)-(6). "Juvenile court" is defined as "a court located in the United States having jurisdiction under State law to make judicial determinations about the custody and care of juveniles." *Id.* § 204.11(a).

Under the regulations, individuals seeking SIJ classification must submit the following with their petition:

i. A juvenile court order, issued by a court of competent jurisdiction located in the United States, showing that the court has found the beneficiary to be dependent upon the court;

ii. A juvenile court order, issued by a court of competent jurisdiction located in the United States, showing that the court has found the beneficiary eligible for long-term foster care; and

DEFENDANTS' RESPONSE TO MOTION FOR CLASS CERTIFICATION
[Case No. 2:19-cv-321-RSL] – 4

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

    iii.    Evidence of a determination made in judicial or administrative proceedings by a court or agency recognized by the juvenile court and authorized by law to make such decisions, that it would not be in the beneficiary's best interest to be returned to the country of nationality or last habitual residence of the beneficiary or his or her parent or parents.

*Id.* § 204.11(d)(2)(i)-(iii). "Eligible for long-term foster care"[3] as used in § 204.11(d)(2)(ii), "means that a determination has been made by the juvenile court that family reunification is no longer a viable option." *Id.* § 204.11(a).[4]

Rather than limiting SIJ classification to only those individuals eligible for a specific type of permanent placement option, such as long-term foster care, the intended beneficiaries of SIJ classification following the 2008 TVRPA amendments are juveniles that are unable to reunify with at least one parent due to that parent's unfitness. 8 U.S.C. § 1101(a)(27)(J). None of the previous Congressional amendments to the SIJ statute have altered USCIS's understanding of reunification, or the overarching purpose of SIJ classification as promulgated through the agency's regulations or policy guidance.[5]

---

[3] This term of art is found in child protection laws across the country. In the mid-2000s, there was a shift from preferring long-term foster care to a focus on other types of placement for children, culminating in the 2008 TVRPA amendments.

[4] The 2008 TVPRA amendments eliminated the "long-term foster care" language from the SIJ statute.

[5] USCIS's Policy Manual support this approach, noting that

> The TVPRA 2008 replaced the need for a juvenile court to deem a juvenile eligible for long-term foster case with a requirement that the juvenile court find reunification with one or both parents not viable. . . . USCIS interprets the TVPRA changes as a clarification that petitioners do not need to be eligible for or placed in foster care and that they may be reunified with one parent or other family members. However, USCIS requires that the reunification no longer be a viable option with at least one parent . . . .

6 USCIS Policy Manual pt. J, ch. 2(D)(2) n.9 (hereafter Policy Manual or Pol. Man.), *available at* https://www.uscis.gov/policymanual/HTML/PolicyManual-Volume6.html.

DEFENDANTS' RESPONSE TO MOTION FOR CLASS CERTIFICATION
[Case No. 2:19-cv-321-RSL] – 5

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

### B.     Washington State Child Welfare Law

Eighteen is the age of majority in Washington state. *See* RCW § 26.28.010 ("[A]ll persons shall be deemed and taken to be of full age for all purposes at the age of eighteen years."); RCW § 26.28.015 (stating that eighteen year olds can marry, execute a will, vote, enter into a contract, sue and be sued and make decisions regarding their own body).

State courts in Washington have well-defined and limited jurisdiction over "[a]ny proceeding . . . to enforce the rights of the parties or their children regarding the determination or modification of parenting plans, child custody, visitation, or support, or the distribution of property or obligations." RCW § 26.12.010(1).

Washington courts can also appoint guardians who "shall maintain the physical custody of the child" and who must protect, discipline, and educate the child, provide food, clothing, shelter, education as well as routine health care. RCW § 13.34.232. This type of guardianship only remains in effect until the ward's eighteenth birthday. *Id.*

Relevant here, Washington has further limited the power of its state courts over 18 to 20 year old juveniles to certain situations unrelated to the goals of custody and family reunification, which are at the heart of SIJ classification and the state court orders that are provided to support SIJ petitions.

#### 1.     Vulnerable Youth Guardianship Program

The first of these narrow exceptions is Washington's "vulnerable youth guardianship" (VYG) program, established in 2017. RCW § 13.90.901. The Washington legislature specified that those individuals who have a vulnerable youth guardian appointed otherwise retain all of the rights of an adult under Washington law. RCW § 13.90.901(g).

DEFENDANTS' RESPONSE TO MOTION FOR CLASS CERTIFICATION
[Case No. 2:19-cv-321-RSL] – 6

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

Importantly, a court order appointing a VY guardian need only "[p]rovide that the guardian shall ensure that the legal rights of the vulnerable youth are not violated, and may specify the guardian's other rights and responsibilities concerning the care, custody, and nurturing of the vulnerable youth." RCW § 13.90.040(b). The VYG statute does not provide the state court overseeing the vulnerable youth guardianship appointment with jurisdiction to order reunification of the vulnerable youth with his or her parents, if warranted. Washington's VYG statute does not require the vulnerable youth to affirmatively establish that reunification with their parents is unviable, and does not mandate that the state court conclusively determine whether reunification was possible.[6] The VYG statute also states that a vulnerable youth "shall not be considered a 'child' under any other state statute or for any other purpose." RCW § 10.90.010(6).

### 2. Washington Juvenile Offenders

Washington also permits its courts to retain limited jurisdiction over juveniles beyond their eighteenth birthday if, prior to that date, juvenile proceedings seeking the adjudication of a juvenile offense remain pending and the juvenile court, by written order setting forth its reasons, extends its jurisdiction over the juvenile beyond the age of eighteen. RCW § 13.40.300(3). Washington's juvenile offender statute deals exclusively with the juvenile court's power to retain jurisdiction over individuals who committed an offense while they were younger than 18. The statute is otherwise silent regarding the juvenile court's power to make

---

[6] By contrast, Oregon's proposed VYG legislation explicitly requires any petition seeking a vulnerable youth guardianship establish by a preponderance of the evidence that the petitioner is unable to be reunified with one or more of their parents due to abuse, neglect, or abandonment that occurred prior to the vulnerable youth's 18th birthday. *See* 2019 Oregon Senate Bill No. 857, Oregon Eightieth Legislative Assembly, *available at* https://olis.leg.state.or.us/liz/2019R1/Downloads/MeasureDocument/SB857/Introduced.

DEFENDANTS' RESPONSE TO MOTION FOR CLASS CERTIFICATION
[Case No. 2:19-cv-321-RSL] – 7

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

findings related to abuse, abandonment or neglect, or its power to order reunification with the juvenile offender and their parents.

### C. The SIJ Application Process

USCIS, the component agency exclusively tasked with administering the SIJ classification program, reviews the basis underlying a juvenile court's order to ensure that only proper SIJ petitions are approved. 8 U.S.C. § 1101(a)(27)(J)(iii). State courts without authority to render custody decisions, or authority to make determinations regarding the viability of parental unification, cannot provide the findings necessary to support an SIJ petition. *See* 8 C.F.R. § 204.11(d)(2)(i)-(iii).

An individual petitioning for SIJ classification must submit a Form I-360, birth certificate or other evidence of age, and the state court's order establishing the petitioner's eligibility, which must include evidence of the factual basis supporting the court's findings regarding abuse, neglect or abandonment and the unviability of reunification with the petitioner and their parents. 8 C.F.R. § 204.11(d). USCIS then reviews the submitted materials and may issue a Request for Evidence or a Notice of Intent to Deny if the reviewing officer believes there is insufficient evidence to approve the petition. 8 C.F.R. § 103.2(b)(8)(iv). USCIS's Policy Manual states that "[t]emplate orders that simply recite the immigration statute or regulatory language are generally not sufficient" for the purposes of establishing SIJ classification. 6 Pol. Man. pt. J, ch. 3(A)(3).

Prior to November 1, 2016, processing and adjudication of SIJ petitions was handled in USCIS's 87 field offices. To avoid inconsistent adjudications, and based on recommendations from the agency's ombudsman and immigration lawyers and advocates, USCIS began centralizing the SIJ review and adjudication process at the National Benefits Center (NBC) in

DEFENDANTS' RESPONSE TO MOTION FOR CLASS CERTIFICATION
[Case No. 2:19-cv-321-RSL] – 8

UNITED STATES ATTORNEY
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

Missouri, which was finished on November 1, 2016. USCIS also trained NBC officers on the legal and operational procedures regarding SIJ classification.

NBC processed more than two million immigration applications and petitions in 2018, including approximately 18,000 SIJ petitions. Declaration of Michael Valverde (Valverde Dec.) ¶ 10. USCIS has seen a dramatic increase in SIJ petitions in recent years. As of September 24, 2018, there are currently 32,518 SIJ petitions awaiting decision, 23,589 of which have been pending for more than 180 days. *Id.* ¶ 14. USCIS has increased its staff to address this backlog. *Id.*

### III.    FACTUAL BACKGROUND

Plaintiff Leobardo Moreno Galvez (Galvez) is a 20-year old Mexican citizen who, following an arrest in 2016 at the age of 17, fell under the jurisdiction of the Skagit County Juvenile Court. Declaration of Peter L. Rosenstock (Rosenstock Dec.), Ex A. That court entered an order on August 11, 2016 extending its jurisdiction beyond Galvez's eighteenth birthday pursuant to Washington's juvenile offender statute, RCW § 13.40.300. *Id.* On October 20, 2016, the same court issued a custodial and reunification order. *Id.* On December 2, 2016, Galvez submitted his petition for SIJ classification. *Id.*, Ex. B. USCIS denied the petition on December 20, 2018, finding that Galvez failed to demonstrate that the Skagit County juvenile court had jurisdiction under Washington law to render a legal conclusion regarding a return to his parents' custody because Galvez had already reached the age of majority in Washington state prior to the court's October 20, 2016 SIJ findings. *Id.*, Ex. C.

Plaintiff Jose Luis Vicente Ramos (Ramos) is a 20-year old Guatemalan citizen who entered the United States on July 3, 2016. *Id.*, Ex. D. Ramos was arrested and charged with a drug crime on February 8, 2018. *Id.*, Ex. G. On June 1, 2018, the Pierce County Juvenile

DEFENDANTS' RESPONSE TO MOTION FOR CLASS CERTIFICATION
[Case No. 2:19-cv-321-RSL] – 9

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

Court appointed Ramos' cousin as his Vulnerable Youth Guardian and ultimately entered an order to that effect. *Id.*, Ex. I. On June 11, 2018, Ramos submitted his SIJ petition. *Id.*, Ex. J. USCIS denied the petition February 5, 2019, finding that Ramos had also submitted no evidence that the Pierce County Juvenile Court had jurisdiction under Washington law to make a legal conclusion about reunification with Ramos and his parents. *Id.*, Ex. K.

Plaintiff Angel de Jesus Muñoz Olivera (Olivera) is a 19-year old Mexican citizen who entered the United States on August 30, 2017. *Id.*, Ex. L. On November 3, 2017, the Pierce County Superior Court appointed Olivera's cousin as his Vulnerable Youth Guardian and issued an order memorializing that appointment. *Id.*, Ex. P. Olivero submitted his SIJ petition on November 14, 2017, which remains pending before USCIS. *Id.*, Ex. Q.

On March 5, 2019, Plaintiffs filed a class action complaint for injunctive and declaratory relief, moved to preliminary enjoin Defendants and to certify a class, defined as:

> All individuals who have been issued predicate SIJS orders by Washington state courts after turning eighteen years old but prior to turning twenty-one years old, and have submitted or will submit SIJS petitions to USCIS prior to turning twenty-one years old.

Dkt. 2 at p. 7. Defendants now respond in opposition to this Motion.

## IV.   LEGAL STANDARD

"Federal Rule of Civil Procedure 23 governs the maintenance of class actions in federal court." *Briseno v. ConAgra Foods, Inc.*, 844 F.3d 1121, 1124 (9th Cir. 2017). "The class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 348 (2011) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979)). "The party seeking class certification bears the burden of establishing that the proposed class meets the requirements of Rule 23." *Edwards v. First Am. Corp.*, 798 F.3d 1172, 1177 (9th Cir. 2015).

DEFENDANTS' RESPONSE TO MOTION FOR CLASS CERTIFICATION
[Case No. 2:19-cv-321-RSL] – 10

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

Rule 23(a) sets out four prerequisites—numerosity, commonality, typicality, and adequate representation—that must be satisfied before a certified class can proceed in federal court. *See* Fed. R. Civ. P. 23; *Dukes*, 564 U.S. at 349; *Briseno*, 844 F.3d at 1124. These prerequisites "effectively 'limit the class claims to those fairly encompassed by the named plaintiff's claims.'" *Dukes*, 564 U.S. at 349 (quoting *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 156 (1982)). A court should grant certification only after "a rigorous analysis . . . [determining] that the prerequisites of Rule 23(a) have been satisfied." *Id.* at 350-51.

Rule 23(b)(2) imposes an additional condition—plaintiffs pursuing injunctive or declaratory relief must show that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole . . . ." Fed. R. Civ. P. 23(b)(2); *Briseno*, 844 F.3d at 1124 (citing *Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 979-80 (9th Cir. 2011)).

A proposed class should be certified only after a plaintiff has affirmatively and sufficiently made each these required showings.

### V.   ARGUMENT

#### A.   Plaintiff Olivera Lacks Article III Standing.

Plaintiff Olivera lacks Article III standing to pursue his individual claims because USCIS has not yet rendered a decision on his SIJ petition. Olivera should be dismissed from this action as he has not yet suffered an injury in fact that could be redressed by a favorable order from this Court. "To possess standing, a plaintiff must have suffered an 'injury in fact,' meaning 'an invasion of a legal protected interest which is (a) concrete and particularized, (b)

DEFENDANTS' RESPONSE TO MOTION FOR CLASS CERTIFICATION
[Case No. 2:19-cv-321-RSL] – 11

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

actual or imminent, not conjectural or hypothetical." *Tourgeman v. Collins Fin. Servs., Inc.*, 755 F.3d 1109, 1114 (9th Cir. 2014) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). Additionally, "'there must be a causal connection between the injury and the conduct complained of . . . [and] it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.'" *Id.* (quoting *Lujan*, 504 U.S. at 560-61).

Here, Olivera cannot establish an injury for Article III standing purposes because he has not received a decision—favorable or unfavorable—from USCIS on his SIJ petition. Any potential injury arising from USCIS's still unknown decision is entirely speculative and not capable of redress from this Court.

For example, USCIS could grant Olivera's SIJ petition, mooting his claims, or USCIS could deny Olivera's petition because the Washington state court lacked competent jurisdiction to issue its order, or USCIS could deny Olivera's petition based any number of other valid reasons. This guessing game about what USCIS might do regarding Olivera's pending SIJ petition underscores the hypothetical nature of his alleged injuries.

Olivera's Article III standing deficiencies are different than those considered by the district court in *J.L. v. Cissna,* No. 18-cv-04914-NC, 2019 WL 415579 (N.D. Cal. Feb. 1, 2019). In addressing the Article III standing arguments for the class as a whole, the *J.L.* court did not directly opine on whether each named plaintiff had Article III standing to pursue their individual claims. *Id.* at *6-*7. Similarly, there were no Article III concerns raised in *R.F.M.* because all of the named plaintiffs had received a final decision from USCIS denying their SIJ petitions. No. 18-cv-5068 (JGK), 2019 WL 1219425, at *7 (S.D.N.Y. Mar. 15, 2019) (noting that each of the named plaintiffs' petitions "was denied" by USCIS prior to bringing the lawsuit).

DEFENDANTS' RESPONSE TO MOTION FOR CLASS CERTIFICATION
[Case No. 2:19-cv-321-RSL] – 12

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

Here, by contrast, Olivera's lack of concrete injury renders his individual claims non-justiciable under Article III. It is clear that Olivera has suffered no redressable injury as a result of USCIS's continued review and consideration of his pending SIJ petition. Further, no order from this Court could redress this hypothetical injury. Accordingly, the Court should dismiss Olivera from this action as he lacks Article III standing to pursue his individual claims.

**B.     The Motion for Class Certification Should be Denied.**

Plaintiffs' class certification motion should denied as they have failed to establish that their proposed class meets Rule 23(a)'s numerosity, commonality, or typicality requirements.

1.     <u>The Proposed Class Does not Satisfy the Numerosity Requirement</u>.

Rule 23's "numerosity requirement is satisfied when the members of the class are 'so numerous that joinder of all members is impracticable.'" *Baker v. Castle & Cooke Homes Hawaii, Inc.*, No. 11-00616 SOM-RLP, 2014 WL 1669131, at *4 (D. Hawaii Jan. 31, 2014) (quoting Fed. R. Civ. P. 23(a)(1)). While a plaintiff "need not allege the exact number or identity of class members to satisfy the numerosity prerequisite, mere speculation as to the number of parties involved is not sufficient to satisfy the numerosity requirement." *Foster v. City of Oakland*, No. C 05-03110 MHP, 2007 WL 219796, at *5 (N.D. Cal. Jan. 29, 2007) (citing *Freedman v. Louisiana-Pac Corp.*, 922 F. Supp. 377, 398 (D. Or. 1996)).

"There is no threshold number of class members that automatically satisfies this requirement." *Dunakin v. Quigley*, 99 F. Supp. 3d 1297, 1326-27 (W.D. Wash. 2015) (citation omitted). "In making such a determination, courts address the following factors:

(1) the number of individual class members;

(2) the ease of identifying and contacting class members;

(3) the geographical spread of class members and

DEFENDANTS' RESPONSE TO MOTION FOR CLASS CERTIFICATION
[Case No. 2:19-cv-321-RSL] – 13

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

> (4) the ability and willingness of individual class members to bring claims, as affected by their financial resources, the size of the claims, and the fear of retaliation in light of an ongoing relationship with the defendant.

*Culley v. Lincare, Inc.*, No. 2:15-cv-00081-MCE-CMK, 2017 WL 3284800, at *2 (E.D. Cal. Aug. 2, 2017) (citation omitted).

Here, unlike the class of 265 individuals certified in *J.L.*, 2019 WL 415579, at *8, or the "hundreds" of class members who received SIJ denials as identified by the court in *R.F.M.*, 2019 WL 1219425 at *9, the named Plaintiffs have identified only 53 potential class members, and provide no additional support for their speculative guess that there are "100, if not more, class members." Dkt. 2 at p. 18-19.  This estimate is not enough to support numerosity under Rule 23. *See Hargreaves v. Associated Credit Servs., Inc.*, No. 2:16-cv-0103-TOR, 2017 WL 2260705, at *4 (E.D. Wash. May 23, 2017) ("Mere conjecture as to the number of members that fit within Plaintiffs' proposed class and subclass definition does not satisfy the Rule.").

Additionally, according to declarations submitted with Plaintiffs' motions, the overwhelming majority of SIJ petitioners identified by Plaintiffs' counsel as putative class memebrs potentially reside in the Puget Sound area, eliminating any geographic concerns that might make joinder impracticable under Rule 23(a)(1).  *See* Dkt. 9 at ¶ 7; Dkt. 10 at ¶ 8; Dkt. 11 at ¶¶ 11, 17; Dkt. 12 at ¶ 8 (all noting that a majority of orders supporting their clients' SIJ petitions were issued by state courts in the Puget Sound area).

Further, each of the individuals identified by named Plaintiffs has the ability and motivation to join in this lawsuit to pursue their own claims concerning their SIJ petitions. Plaintiffs' counsel represents 36 potential class members and is familiar with counsel that represent the remaining 17 individuals identified in this lawsuit.  *See Twegbe v. Pharmaca Integrative Pharmacy, Inc.*, No. CV 12-5080 CRB, 2013 WL 3802807, at *2-*3 (N.D. Cal. July

DEFENDANTS' RESPONSE TO MOTION FOR CLASS CERTIFICATION
[Case No. 2:19-cv-321-RSL] – 14

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

17, 2013) (noting that "[w]hen the identities, names, and locations of class members are knowable and known, joinder of those members is more practicable").

Plaintiffs have not demonstrated that the proposed class is so numerous that joinder of all members would be impracticable under Rule 23. Accordingly, the Court should deny the motion to certify the class.

### 2. The Proposed Class Does not Satisfy the Commonality Requirement.

Plaintiffs have also failed to demonstrate that there are "questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). "The commonality requirement 'serves chiefly two purposes: (1) ensuring that absentee members are fairly and adequately represented; and (2) ensuring practical and efficient case management.'" *Rodriguez v. Hayes*, 591 F.3d 1105, 1122 (9th Cir. 2010) (quoting *Walters v. Reno*, 145 F.3d 1032, 1045 (9th Cir. 1988)). "Commonality requires the plaintiff to demonstrate that the class members have suffered the same injury." *Dukes*, 564 U.S. at 349-50 (internal quotation marks omitted) (citation omitted).

Here, there is an absence of common factual and legal questions among members of the proposed class. Factual questions concerning the specific reasons for USCIS's decision to deny an individual's SIJ petition, whether the state court's orders that are used to support the petitions arose from an VYG or juvenile offender proceeding, and other unique factual issues specific to each SIJ petitioner demonstrates the lack of a common set of facts applicable to the proposed class.

As to legal commonality, issues regarding whether Washington state courts making custodial findings arising out of VYG or juvenile offender proceedings had competent jurisdiction to order reunification, or make findings regarding custody, guarantee that individualized legal questions will overwhelm the class proposed by Plaintiffs.

DEFENDANTS' RESPONSE TO MOTION FOR CLASS CERTIFICATION
[Case No. 2:19-cv-321-RSL] – 15

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

Furthermore, there is a lack of common injury among the named Plaintiffs and the proposed class. *See Dukes*, 564 U.S. at 349-50.  Some individuals, like Plaintiff Olivera, are still awaiting an initial decision from USCIS on their pending SIJ petitions.  Other class members have received denials, while still others have received requests from USCIS for additional information.  These individualized inquiries further demonstrate a lack of commonality among members of the proposed class.

The myriad of divergent factual and legal questions present here were absent in *J.L.*, where the only factual and legal issue before that court was whether California probate courts had jurisdiction under one specific state statute—California Probate Code § 1510.1(a)—to order reunification between individuals over the age of 18 and their parents.  *J.L.*, 2019 WL 415579, at *3, *9.  Similarly, the district court in *R.F.M.* was dealing with a single legal issue—whether the New York Family Court, when issuing a specific type of guardianship order, had competent jurisdiction to make reunification decisions for individuals over 18 years of age.  *Id.* at 2019 WL 1219425, at *8.

Here, by contrast, the Court is faced with two different Washington state statutes—VYG and juvenile offender—and must analyze and decide if these very different Washington statutes grant state courts competent jurisdiction to issue findings addressing abuse, neglect, abandonment and reunification for individuals who have reached the age of majority.

Plaintiffs' characterization of this lawsuit as simply challenging a system-wide practice or policy of USCIS misses the mark.  Dkt. 2 at pp. 11-12.  The ultimate issues before the Court, as explained more fully in Defendants' response to the motion for preliminary injunction, are whether USCIS's individualized determinations that certain SIJ petitions should be denied

DEFENDANTS' RESPONSE TO MOTION FOR CLASS CERTIFICATION
[Case No. 2:19-cv-321-RSL] – 16

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

because Washington state courts lacked jurisdiction to issue valid custodial orders for individuals over eighteen were reasonable under the Administrative Procedure Act.

Plaintiffs have failed to establish that common factual and legal questions exist between themselves and members of the proposed class. Accordingly, the Court should deny the motion for class certification.

### 3. The Named Plaintiffs' Claims are not Typical of the Class.

As noted above, the Plaintiffs' individualized SIJ petitions, and USCIS's own discrete decision-making process in adjudicating those petitions demonstrates the absence of typicality among Plaintiffs and the proposed class. Typicality requires a showing that "the claims or defenses of the representative parties are typical of the claim or defenses of the class[.]" Fed. R. Civ. P. 23(a)(3). "Typicality refers to the nature of the claim or defense of the class representative, and not to the specific facts from which it arose or the relief sought." *Ellis*, 657 F.3d at 984 (quotation marks omitted).

Here, two Plaintiffs are challenging the reasonableness of specific, individualized decisions by USCIS to deny their SIJ petitions due to a lack of valid order from a Washington state court with competent jurisdiction. Individual questions concerning these two Plaintiffs' background, age, and the specific state court orders submitted in support of their SIJ petitions will dominate the Court's consideration of their claims that USCIS acted unreasonably under the APA in denying their SIJ petitions. All of this demonstrates the inherent absence of typicality between the Plaintiffs' individualized claims and the proposed class of individuals they seek to represent.

DEFENDANTS' RESPONSE TO MOTION FOR CLASS CERTIFICATION
[Case No. 2:19-cv-321-RSL] – 17

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

Due to unique issues present in each Plaintiffs' SIJ petition, they have failed to demonstrate the necessary typicality between their claims and the proposed class. Accordingly, the Court should deny the motion for class certification.

## VI. CONCLUSION

For all of the foregoing reasons, the Court should deny Plaintiffs' Motion for Class Certification.

DATED this 1st day of April, 2019.

Respectfully submitted,

BRIAN T. MORAN
United States Attorney

*s/ Matt Waldrop*
MATT WALDROP, Georgia Bar #349571
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-7970
Fax: 206-553-4067
Email: james.waldrop@usdoj.gov

DEFENDANTS' RESPONSE TO MOTION FOR CLASS CERTIFICATION
[Case No. 2:19-cv-321-RSL] – 18

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Western District of Washington and is a person of such age and discretion as to be competent to serve papers;

It is further certified that on the below date I electronically filed Defendants' Response to the Motion for Class Certification with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participant(s):

| | |
|---|---|
| Aaron Korthuis | Aaron@nwirp.org |
| Leila Kang | Leila@nwirp.org |
| Matt Adams | Matt@nwirp.org |
| Meghan E Casey | Meghan@nwirp.org |
| Olivia Fiona Gibbons | Olivia@nwirp.org |
| Tim Henry Warden-Hertz | Tim@nwirp.org |

DATED this 1st day of April, 2019.

*s/ Ivette Moshe*
IVETTE MOSHE, Legal Assistant
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-7970
Fax:     206-553-4067
E-mail: ivette.moshe2@usdoj.gov

DEFENDANTS' RESPONSE TO MOTION FOR CLASS CERTIFICATION
[Case No. 2:19-cv-321-RSL] – 19

**UNITED STATES ATTORNEY**
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
206-553-7970