1

Honorable Robert S. Lasnik

2

3

4

5

6

7

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT SEATTLE

8

9 Leobardo MORENO GALVEZ, et al.

Case No. 2:19-cv-321-RSL

10            Plaintiffs,

11      v.

**PLAINTIFFS' REPLY IN SUPOPRT OF THEIR MOTION FOR CLASS CERTIFICATION**

12 Lee Francis CISSNA, Director, U.S. Citizenship and Immigration Services, et al.

Noted on Motion Calendar:
April 5, 2019

13            Defendants.

14

ORAL ARGUMENT REQUESTED

15

16

17

18

19

20

21

22

23

24

PLS.' REPLY IN SUPP. OF MOT. FOR
CLASS CERT.
Case No. 2:19-cv-321-RSL

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

## <u>TABLE OF CONTENTS</u>

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT ................................................................................................................... 2

    A. Plaintiffs Have Standing to Bring This Suit. ...................................................... 2

    B. Plaintiffs Have Met Rule 23(a)'s Requirements and the Motion for Class Certification Should Be Granted. .................................................................................... 4

        1. The proposed class is sufficiently numerous that joinder is impracticable. ................. 4

        2. The proposed class satisfies commonality because they present the same questions regarding USCIS's new policy on state court jurisdiction. ......................................... 7

        3. As all proposed class members make the same claim to challenge a singular USCIS policy, Plaintiffs have shown typicality. .................................................................. 11

III. CONCLUSION ............................................................................................................. 11

PLS.' REPLY IN SUPP. OF MOT. FOR
CLASS CERT. - i
Case No. 2:19-cv-321-RSL

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

# TABLE OF AUTHORITIES

**Cases**

*Ark. Educ. Ass'n v. Bd. of Educ. of Portland, Ark. Sch. Dist.*, 446 F.2d 763 (8th Cir. 1971) ........ 5

*Armstrong v. Davis*, 275 F.3d 849 (9th Cir. 2001) ............................................................ 2, 4, 8

*Arnott v. USCIS*, 290 F.R.D. 579 (C.D. Cal. 2012) ................................................................ 7

*Barahona-Gomez v. Reno*, 167 F.3d 1228 (9th Cir. 1999) ...................................................... 6

*Bates v. United Parcel Serv., Inc.*, 511 F.3d 974 (9th Cir. 2007) ........................................... 2

*Cross v. Nat'l Tr. Life Ins. Co.*, 553 F.2d 1026 (6th Cir. 1977) ............................................. 5

*Culley v. Lincare Inc.*, No. 2:15-cv-00081-MCE-CMK, 2017 WL 3284800 (E.D. Cal. Aug. 2, 2017) ........................................................................................................................ 6

*Dunakin v. Quigley*, 99 F. Supp. 3d 1297 (W.D. Wash. 2015) ............................................... 6

*Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147 (1982) ..................................................... 11

*Gonzalez Rosario v. USCIS*, No. C15-0813JLR, 2019 WL 1275097 (W.D. Wash. Mar. 20, 2019) ........................................................................................................................ 8

*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1998) ................................................... 11

*Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909 (9th Cir. 1964) ................................ 7

*Immigrant Assistance Project of L.A. Cty. Fed'n of Labor v. I.N.S.*, 306 F.3d 842 (9th Cir. 2002) ........................................................................................................................ 3

*J.L. v. Cissna*, No. 18-cv-04914-NC, 2019 WL 415579 (N.D. Cal. Feb. 1, 2019) ............. 4, 9, 10

*Johnson v. California*, 543 U.S. 499 (2005) ...................................................................... 4

*McCluskey v. Trustees of Red Dot Corp. Emp. Stock Ownership Plan & Tr.*, 268 F.R.D. 670 (W.D. Wash. 2010) ...................................................................................................... 5

*Parra v. Bashas', Inc.*, 536 F.3d 975 (9th Cir. 2008) .......................................................... 9

*Perez-Olano v. Gonzalez*, 248 F.R.D. 248 (C.D. Cal. 2008) ................................................. 8

*R.F.M v. Nielsen*, --- F. Supp. 3d ---, 2019 WL 1219425 (S.D.N.Y. Mar. 15, 2019) ............. 9, 10

*Rivera v. Holder*, 307 F.R.D. 539 (W.D. Wash. 2015) ........................................................ 7

*Sueoka v. United States*, 101 Fed. App'x 649 (9th Cir. 2004) ............................................... 7

*Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134 (9th Cir. 2000) (en banc) .............. 2

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) ....................................................... 11

PLS.' REPLY IN SUPP. OF MOT. FOR
CLASS CERT. - ii
Case No. 2:19-cv-321-RSL

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

**Federal Statutes**

8 U.S.C. § 1232(d)(2) ............................................................................ 2

**Rules**

Fed. R. Civ. P. 23 ................................................................................. 1

Fed. R. Civ. P. 23(a) ............................................................................ 4

Fed. R. Civ. P. 23(a)(1) ........................................................................ 4

Fed. R. Civ. P. 23(a)(2) ........................................................................ 7

Fed. R. Civ. P. 23(a)(3) ........................................................................ 11

**Other Authorities**

Wash. State Dep't of Commerce, *Vulnerable Youth Guardianships: An Evaluation as Directed by Chapter 279, Laws of 2017*, https://bit.ly/2WLcL3a (Jan. 2019) ...................................... 5, 6

PLS.' REPLY IN SUPP. OF MOT. FOR
CLASS CERT. - iii
Case No. 2:19-cv-321-RSL

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

# I.   INTRODUCTION

Plaintiffs Leobardo Moreno Galvez, Jose Luis Vicente Ramos, and Angel de Jesus Muñoz Olivera are young immigrants that Washington state courts have concluded were (1) abandoned, abused or neglected by their parents, and (2) should not be returned to their country of origin. They seek to represent a class of 18 to 20-year-old immigrant juveniles in Washington State who, like themselves, have applied or will apply for Special Immigrant Juvenile Status (SIJS). The named Plaintiffs and the proposed class challenge a new, uniform requirement imposed by U.S. Citizenship and Immigration Services (USCIS) in adjudicating proposed class members' SIJS petitions: namely, that in order to be considered "competent" to make the required factual findings for SIJS, a state court must have the power to reunify members of the proposed class with their parents.

This proposed class meets all requirements of Federal Rule of Civil Procedure 23. Defendants' arguments to the contrary are unavailing. First, Plaintiff Muñoz Olivera has standing because his injury is not speculative: USCIS's new policy undoubtedly applies to him, rendering him ineligible for SIJS. Second, Plaintiffs have satisfied the numerosity requirement by identifying a minimum of 53 class members and demonstrating the impracticability of joinder. Indeed, since Plaintiffs filed their motion, the Washington State Department of Commerce has published a report that demonstrates the proposed class likely consists of at least 100 members. Third, Plaintiffs have demonstrated that Defendants' new policy applies equally to all Plaintiffs—including Plaintiff Muñoz Olivera—and proposed class members, thus meeting the commonality and typicality requirements. Finally, Defendants do not challenge the adequacy of proposed class representatives or class counsel. Accordingly, this Court should certify the proposed class with the named Plaintiffs as its representatives.

PLS.' REPLY IN SUPP. OF MOT. FOR
CLASS CERT. - 1
Case No. 2:19-cv-321-RSL

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

## II.  ARGUMENT

**A.  Plaintiffs Have Standing to Bring This Suit.**

Defendants first assert that Plaintiff Muñoz Olivera lacks Article III standing because USCIS has not rendered a decision on his SIJS application, which has been pending for more than double the 180-day adjudication requirement set forth in 8 U.S.C. § 1232(d)(2). Dkt. 3 at 8. As an initial matter, dismissing Plaintiff Muñoz Olivera from this case would not eliminate other viable class representatives. "In a class action, standing is satisfied if at least one named plaintiff meets the requirements." *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (citing *Armstrong v. Davis*, 275 F.3d 849, 860 (9th Cir. 2001)). Defendants do not question the standing of Plaintiffs Moreno Galvez and Vicente Ramos; nor can they, for USCIS has denied both Plaintiffs' SIJS applications on the basis of Defendants' new policy regarding state court jurisdiction. *See* Dkt. 3 at 6-8. As a result, they unquestionably have standing to challenge Defendants' policy.

Plaintiff Muñoz Olivera possesses standing to challenge Defendants' policy. Defendants allege that USCIS's decision on his SIJS petition is "still unknown" and any potential injury from a future denial remains "entirely speculative" and incapable of redress. Dkt. 24 at 12. However, Defendants do not contest that their new policy applies to Plaintiff Muñoz Olivera nor dispute that their policy, if unaltered, will ultimately result in the denial of his SIJS petition. Because the challenged policy has rendered Plaintiff Muñoz Olivera—like all other proposed class members—ineligible for SIJS, his injury is not speculative and is sufficient to demonstrate his standing.

Defendants' "standing" concern is really one of ripeness: whether Plaintiff Muñoz Olivera's claims challenging the policy are premature. *See Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000) (en banc). Here, his claims are not premature

PLS.' REPLY IN SUPP. OF MOT. FOR
CLASS CERT. - 2
Case No. 2:19-cv-321-RSL

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

because he and this Court can "firmly predict" that the agency will deny his application based on

its new policy. *Immigrant Assistance Project of L.A. Cty. Fed'n of Labor v. I.N.S.*, 306 F.3d 842,

861-62 (9th Cir. 2002). USCIS's new, unlawful policy all but guarantees the denial of Plaintiff

Muñoz Olivera's SIJS petition. In adjudicating the petitions of the other named Plaintiffs, USCIS

has made clear that it will not recognize any Washington state court as "competent" to issue the

order unless the court has jurisdiction to determine whether a parent should regain custody and to

compel reunification for youth between the ages of 18 and 20. As a SIJS petitioner who obtained

a predicate order after he was 18 years old in Washington State, Plaintiff Muñoz Olivera falls

squarely within the group impacted by this policy. Moreover, like other 18- to 20-year-olds in

Washington, USCIS has long delayed adjudication of Plaintiff Muñoz Olivera's petition, further

suggesting he will subject to Defendants' new policy. Dkt. 3 at 9. Notably, Defendants only

hypothesize that USCIS "could deny" Plaintiff Muñoz Olivera's petition "based on any number

of other valid reasons," without pointing to any deficiencies in that petition, which is in the

record. Dkt. 24 at 12; *see also* Dkt. 27-16, Muñoz Olivera SIJS Order; Dkt. 27-17, Muñoz

Olivera I-360. Whether his SIJS petition may theoretically be denied on an *additional*

unspecified ground does not disqualify him as having standing to challenge the policy that

directly and concretely affects his pending SIJS petition. Indeed, as Defendants have identified

no other deficiency, this Court can "firmly predict" that USCIS "will deny the application by

virtue of the challenged [policy]." *Immigrant Assistance Project*, 306 F.3d at 862.

Defendants fail to acknowledge the nature of Plaintiff Muñoz Olivera's injury. It is not,

as Defendants allege, the outcome of Plaintiff Muñoz Olivera's individual SIJS petition, but

rather "the deprivation of [his] chance to get a 'fair shake' at obtaining SIJ status as a result of

Defendants' adoption of an allegedly unlawful, extrajudicial requirement." *J.L. v. Cissna*, No.

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

18-cv-04914-NC, 2019 WL 415579, at *6 (N.D. Cal. Feb. 1, 2019) (granting motion for class certification). Indeed, the Ninth Circuit has held that "harm[s] . . . directly traceable to a written policy" can satisfy Article III's injury requirement. *Armstrong*, 275 F.3d at 861, *abrogated on other grounds by Johnson v. California*, 543 U.S. 499, 504-05 (2005). Plaintiff Muñoz Olivera suffers an injury based on Defendants' unlawful policy that has rendered him ineligible for SIJS.

Finally, Plaintiff Muñoz Olivera's injury is redressable. If Plaintiffs prevail, Defendants will be enjoined from applying their unlawful requirement to all SIJS petitioners, current and future. As such, the proposed class, including Plaintiff Muñoz Olivera, has Article III standing to pursue the claims.

**B. Plaintiffs Have Met Rule 23(a)'s Requirements and the Motion for Class Certification Should Be Granted.**

1. <u>The proposed class is sufficiently numerous that joinder is impracticable.</u>

Plaintiffs have amply demonstrated numerosity as required by Rule 23(a)(1). In their response, Defendants discount substantial evidence and ignore case law demonstrating that joinder would be impracticable for the proposed class of abandoned, abused, and neglected youth. Defendants fail to respond to the case law certifying classes with fewer than 53 class members and ignore evidence of additional class members. Defendants also fail to address the fact that the class encompasses future applicants.

Plaintiffs' proposed class consists of individuals who "have been issued predicate SIJS orders by Washington State Courts after turning eighteen years but prior to turning twenty-one years old and have submitted or will submit SIJS petitions to USCIS prior to turning twenty-one years old." Dkt. 2 at 2. In response to concrete evidence showing a class size of 53 members at minimum, *see id.* at 13 (citing practitioner declarations), Defendants assert this number is insufficient. Dkt. 24 at 14 ("[T]he named Plaintiffs have identified *only* 53 potential class

members" (emphasis added)). They do not respond to the case law that Plaintiffs cite, showing

that numbers far *below* 53 can be more than sufficient to establish numerosity. Dkt. 2 at 13.

Courts have certified classes comprised of relatively few class members where joinder was

nonetheless impracticable. *See, e.g., Ark. Educ. Ass'n v. Bd. of Educ. of Portland, Ark. Sch. Dist.,*

446 F.2d 763, 765-66 (8th Cir. 1971) (17 class members); *Cross v. Nat'l Tr. Life Ins. Co.,* 553

F.2d 1026, 1030 (6th Cir. 1977) (in anti-discrimination suit, certifying class of all current and

prospective employees where a maximum of only seven employees could be identified but it was

expected that the number of such employees would increase in the absence of the challenged

discriminatory policy); *McCluskey v. Trustees of Red Dot Corp. Emp. Stock Ownership Plan &*

*Tr.,* 268 F.R.D. 670, 673-74 (W.D. Wash. 2010) (collecting cases, including one where

numerosity was satisfied with 16 identified class members "but numerous individuals would be

affected in the future").

       In addition, since the filing of Plaintiffs' motion for class certification, the Washington

State Department of Commerce released a report that further demonstrates the proposed class is

much larger than 53 identified petitioners. The report found that 83 vulnerable youth

guardianship (VYG) cases had been filed in 14 counties across the state from July 23, 2017,

when the VYG statute came into effect, to September 30, 2018. Wash. State Dep't of Commerce,

*Vulnerable Youth Guardianships: An Evaluation as Directed by Chapter 279, Laws of 2017,* at

7, https://bit.ly/2WLcL3a (Jan. 2019). This number therefore does not encompass the individuals

who filed VYG petitions on or after October 1, 2018. Based on the numbers provided in the

report, there are almost certainly over 100 potential class members who obtained predicate SIJS

findings in VYG proceedings alone. Proposed class members also include individuals like

Plaintiff Moreno Galvez, who are issued predicate orders in other types of state court

1  proceedings such as juvenile offender proceedings or extended foster care proceedings. *See* Dkt.

2  2 at 8. Significantly, even though Defendants alone have possession of information on the

3  current count of proposed class members who have submitted SIJS petitions before USCIS, they

4  rely on this information to dispute numerosity. In certifying classes of noncitizens, courts have

5  taken notice of circumstances in which "INS [now DHS] is uniquely positioned to ascertain class

6  membership." *Barahona-Gomez v. Reno*, 167 F.3d 1228, 1237 (9th Cir. 1999) (requiring the

7  government, not plaintiffs, to provide notice to class members).

8        Defendants imply that joinder might be practicable because "a majority of [SIJS] orders"

9  were issued in the Puget Sound region, but do not contest that class members are in fact spread

10  out across at least 14 counties throughout the state. *See* Wash. State Dep't of Commerce, at 7.

11  Moreover, they do not explain how vulnerable youth should be expected to join this lawsuit and

12  present their claims, even if a majority of them are located in the Puget Sound region. Dkt. 24 at

13  14.  Instead, Defendants assume that proposed class counsel—attorneys of a non-profit

14  organization—have unlimited resources to not only identify all proposed class members but also

15  individually represent those proposed class members. In short, Defendants simply ignore the

16  impracticability of joinder for these young, vulnerable class members. Dkt. 24 at 14; *see, e.g.*,

17  *Dunakin v. Quigley*, 99 F. Supp. 3d 1297, 1327 (W.D. Wash. 2015) (finding joinder

18  impracticable where proposed class members were, inter alia, "spread across the state" and "low-

19  income Medicaid recipients"). Defendants also cite a case requiring courts to consider, inter alia,

20  the "ability and willingness of individual class members to bring claims, as affected by their

21  financial resources," a factor which only supports Plaintiffs' argument that the vulnerable youth

22  they seek to represent are not positioned to individually litigate their claims. *Culley v. Lincare*

23  *Inc.*, No. 2:15-cv-00081-MCE-CMK, 2017 WL 3284800, at *2 (E.D. Cal. Aug. 2, 2017); Dkt. 24

24

PLS.' REPLY IN SUPP. OF MOT. FOR
CLASS CERT. - 6
Case No. 2:19-cv-321-RSL

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

at 14 (quoting *Culley*). Indeed, apart from their youth, as undocumented immigrants, many proposed class members lack work authorization and a stable source of income. *See* Dkt. 2 at 15.

Additionally, Defendants ignore the impracticability of joinder resulting from the existence of unnamed, unknown future class members who will also be subjected to Defendants' unlawful and ultra vires requirement for SIJS eligibility. *See* Dkt. 2 at 14 (citing cases); *see also, e.g.*, *Rivera v. Holder*, 307 F.R.D. 539, 550 (W.D. Wash. 2015) ("Factors in assessing whether impracticality justifies finding a small class sufficiently numerous include . . . whether plaintiffs seek prospective relief affecting future class members."). The impracticability of joining future class members provides an additional basis for determining that Plaintiffs satisfy the numerosity requirement.

Finally, Defendants ignore case law stating that "the numerosity requirement is relaxed" because Plaintiffs seek declaratory and injunctive relief. *Arnott v. USCIS*, 290 F.R.D. 579, 586 (C.D. Cal. 2012) (quoting *Sueoka v. United States*, 101 Fed. App'x 649, 653 (9th Cir. 2004)). Ninth Circuit precedent clearly instructs that "'impracticability' does not mean 'impossibility,' but only the difficulty or inconvenience of joining all members of the class." *Harris v. Palm Springs Alpine Estates, Inc.*, 329 F.2d 909, 913-14 (9th Cir. 1964) (citation omitted). Plaintiffs have shown that the potential class size is sufficiently numerous that joinder is impracticable. This Court should find that the numerosity requirement has been satisfied.

      2.   <u>The proposed class satisfies commonality because they present the same questions regarding USCIS's new policy on state court jurisdiction.</u>

Defendants erroneously contend there are no "questions of law or fact common to the class." Dkt. 24 at 15 (quoting Fed. R. Civ. P. 23(a)(2)). They allege that the unique factual and legal issues specific to each SIJS petitioner preclude commonality and "overwhelm the class proposed by Plaintiffs." Dkt. 24 at 15. However, Defendants' arguments ignore the central claim

PLS.' REPLY IN SUPP. OF MOT. FOR
CLASS CERT. - 7
Case No. 2:19-cv-321-RSL

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

1   of proposed class members. The merits and procedural posture of each individual SIJS petition

2   are irrelevant to this case because Plaintiffs challenge Defendants' new policy which uniformly

3   refuses to recognize SIJS findings unless they are issued by state courts that have authority to

4   order the youth's reunification with a parent. Plaintiffs and proposed class members all face this

5   policy, and whether this policy is unlawful is a common legal question sufficient to satisfy

6   commonality. *See, e.g.*, *Gonzalez Rosario v. USCIS*, No. C15-0813JLR, 2019 WL 1275097, at

7   *3 (W.D. Wash. Mar. 20, 2019) ("This court's binding resolution of the common question

8   whether USCIS is obligated to adjudicate initial asylum EADs within 30 days is distinct from the

9   factual questions that may arise in individual actions."); *Perez-Olano v. Gonzalez*, 248 F.R.D.

10  248, 257 (C.D. Cal. 2008) ("Courts have found that a single common issue of law or fact is

11  sufficient to satisfy the commonality requirement."); *Armstrong,* 275 F.3d at 868 ("[I]n a civil

12  rights suit . . . commonality is satisfied where the lawsuit challenges a system-wide practice or

13  policy that affects all of the putative class members.").

14          Differences in procedural posture among individual SIJS petitions do not defeat

15  Plaintiffs' showing of an injury common to the proposed class. Plaintiffs challenge an unlawful

16  policy that Defendants apply to all proposed class members irrespective of the individual facts

17  presented in their SIJS petitions. Defendants point out that some class members, including

18  Plaintiff Muñoz Olivera, are still awaiting a decision from USCIS regarding their SIJS petitions,

19  while others, such as Plaintiffs Moreno Galvez and Vicente Ramos, have already received

20  denials on their SIJS petitions.[1] *See* Dkt. 24 at 16. Other class members may have received, or

21

22  [1] Defendants err in recounting other aspects of Plaintiff Jose Luis Vicente Ramos' factual
    background. They incorrectly state that Plaintiff Vicente Ramos was "charged with a drug
23  crime" and cite to his Form I-213. Dkt. 24 at 9 (citing Dkt. 28-2). Plaintiff Vicente Ramos was
    not charged with a drug crime, has never been charged with any crime, and the Form I-213 in
24  fact states, "Subject has no criminal history." Dkt. 28-2, Vicente Ramos I-213 at 2.

PLS.' REPLY IN SUPP. OF MOT. FOR                    NORTHWEST IMMIGRANT RIGHTS PROJECT
CLASS CERT. - 8                                             615 Second Avenue, Suite 400
Case No. 2:19-cv-321-RSL                                         Seattle, WA 98104
                                                               Tel. (206) 957-8611

1    may receive in the future, Notices of Intent to Deny or Requests for Evidence from USCIS. *See*

2    Dkt. 24 at 16. But these differences do not undermine commonality based on a uniform policy

3    applied to all class members. *See, e.g.*, *Parra v. Bashas', Inc.*, 536 F.3d 975, 978-79 (9th Cir.

4    2008) ("Where the circumstances of each particular class member vary but retain a common core

5    of factual or legal issues with the rest of the class, commonality exists." (footnote omitted)).

6          Defendants also attempt to distinguish this class action from two recent court decisions

7    examining the same USCIS policy that Plaintiffs challenge. Dkt. 24 at 16 In those two cases, the

8    district courts certified classes of youth who received SIJS orders pursuant to California Probate

9    Code § 1510.1(a) and in guardianship proceedings before the New York Family Court. *See J.L.*,

10   2019 WL 415579, at *3, *9; *R.F.M v. Nielsen*, --- F. Supp. 3d ---, 2019 WL 1219425, at *8

11   (S.D.N.Y. Mar. 15, 2019). Defendants allege that this class action is distinguishable from those

12   cases because here, the Court "is faced with two different Washington State statutes—VYG and

13   juvenile offender," therefore presenting a wider scope of legal and factual issues.[2] Dkt. 24 at 16.

14   However, the differences in these two state court proceedings have no impact on how USCIS

15   applies its policy to Plaintiffs. For example, USCIS relied on the same policy to deny SIJS

16   petitions filed by both Plaintiff Moreno Galvez, who obtained SIJ findings in juvenile offender

17   proceedings, and Plaintiff Vicente Ramos, who obtained SIJS findings in a vulnerable youth

18   guardianship proceeding. *Compare* Dkt. 4-7, Moreno Galvez I-360 Denial Notice at 2-3, *with*

19   Dkt. 4-10, Vicente Ramos I-360 Denial Notice at 2-3.

20         Defendants misconstrue the federal district courts' conclusions in *J.L.* and *R.F.M.*, which

21   both addressed class claims challenging the same USCIS policy. In each case, the courts certified

---

22   [2] Defendants ignore that proposed class members may also obtain SIJ findings from a
23   Washington state court in Extended Foster Care proceedings. *See* Dkt. 2 at 6; Dkt. 1 ¶¶ 40-44.
     For the reasons explained above, the type of state proceeding does not undermine commonality
24   in this case.

PLS.' REPLY IN SUPP. OF MOT. FOR                          NORTHWEST IMMIGRANT RIGHTS PROJECT
CLASS CERT. - 9                                                          615 Second Avenue, Suite 400
Case No. 2:19-cv-321-RSL                                                          Seattle, WA 98104
                                                                              Tel. (206) 957-8611

1   the proposed class because Defendants' policy applied equally to class members. For example,

2   the district court for the Northern District of California stated that class certification was

3   appropriate because

> Plaintiffs challenge Defendants' new requirement that, to support a SIJ petition, guardianship orders must be issued by a state court with jurisdiction to order reunification between the SIJ petitioner and at least one of her parents . . . . Defendants' new requirement is . . . a "practice or policy." Whether that requirement is lawful is a common question of law sufficient to satisfy commonality.

7   *J.L.*, 2019 WL 415579, at *8 (internal citation omitted). Similarly, the district court for the

8   Southern District of New York found commonality and granted the plaintiffs' Motion for Class

9   Certification, reasoning that

> [t]he plaintiffs are *not challenging individual SIJ status decisions*, nor do plaintiffs ask this Court to determine the outcome of any individual petition. Rather, the plaintiffs challenge an alleged agency policy affecting the outcomes of their SIJ adjudications as violating the APA.

13   *R.F.M*, 2019 WL 1219425, at *10 (emphasis added).  In both of these decisions, the courts

14   premised class certification on plaintiff's challenge to the new USCIS policy, rather than on the

15   substance of the respective state court statutes.

16           As a result, this case is not distinguishable from the California and New York lawsuits for

17   the reason that it involves separate Washington state courts. Defendants have implemented the

18   same, unlawful policy in all three states—and indeed, nationwide—that state courts must have

19   the authority to return a youth to the custody of their parent in order to have jurisdiction to make

20   SIJ findings. *See, e.g.*, Dkt. 25 at 28 (confirming Defendants' position that a state court "must

21   have competent jurisdiction to determine both whether a parent could regain custody and to order

22   reunification, if warranted"). USCIS has denied, or will deny, all class members' SIJS petitions

23   on this same basis. Therefore, contrary to Defendants' contentions, all class members' injuries

24

PLS.' REPLY IN SUPP. OF MOT. FOR
CLASS CERT. - 10
Case No. 2:19-cv-321-RSL

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

are capable of class-wide resolution through declaratory and injunctive relief. Plaintiff's request for relief would resolve the litigation as to all class members in "one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011).

   3.  <u>As all proposed class members make the same claim to challenge a singular USCIS policy, Plaintiffs have shown typicality.</u>

Finally, Plaintiffs satisfy the typicality requirement of Rule 23(a)(3). Here, the same analysis as the previous section applies, because "[t]he commonality and typicality requirements of Rule 23(a) tend to merge." *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 157 n.13 (1982). Defendants acknowledge that named Plaintiffs are challenging Defendants' policy of denying SIJS petitions "due to a lack of valid order from a Washington state court with competent jurisdiction." Dkt. 24 at 17. This acknowledgment belies Defendants' subsequent contention that "[i]ndividual questions concerning" the named Plaintiffs will defeat typicality. *Id.*

As explained above, Plaintiffs are neither challenging individual SIJS decisions nor requesting that this Court review the merits of their SIJS petitions. Rather, they challenge the singular USCIS policy that Defendants have applied since February 2018 to SIJS petitions from youth who received a predicate state court order after turning eighteen. By uniformly applying this policy to all Plaintiffs and proposed class members, Defendants have categorically barred the proposed class from obtaining SIJS status. As a result, Plaintiffs have met their burden to establish that their claims are "reasonably co-extensive with those of absent class members," and therefore typical of the claims of the proposed class. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court certify the proposed class and enter the proposed certification order.

PLS.' REPLY IN SUPP. OF MOT. FOR
CLASS CERT. - 11
Case No. 2:19-cv-321-RSL

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

1  DATED this 5th day of April, 2019.

2                                          s/ Matt Adams
                                           Matt Adams, WSBA No. 28287
3
                                           s/ Leila Kang
4                                          Leila Kang, WSBA No. 48048

5                                          s/ Aaron Korthuis
                                           Aaron Korthuis, WSBA No. 53974
6
                                           s/ Tim Warden-Hertz
7                                          Tim H. Warden-Hertz, WSBA No. 53042

8                                          s/ Meghan Casey
                                           Meghan Casey, WSBA No. 45275
9
                                           s/ Olivia Gibbons
10                                         Olivia Gibbons, WSBA No. 52760

11                                         NORTHWEST IMMIGRANT RIGHTS PROJECT
                                           615 Second Avenue, Suite 400
12                                         Seattle, WA 98104
                                           Telephone: (206) 957-8611
13                                         Email:  matt@nwirp.org
                                                   leila@nwirp.org
14                                                 aaron@nwirp.org
                                                   tim@nwirp.org
15                                                 meghan@nwirp.org
                                                   olivia@nwirp.org
16

17

18

19

20

21

22

23

24

PLS.' REPLY IN SUPP. OF MOT. FOR
CLASS CERT. - 12
Case No. 2:19-cv-321-RSL

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 5, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Chalia I. Stallings-Ala'ilima      chalias@atg.wa.gov
                                            cruecf@atg.wa.gov

Matt Waldrop                      james.waldrop@usdoj.gov
                                            amy.hanson@usdoj.gov
                                            ivette.moshe2@usdoj.gov
                                            eli.quintana@usdoj.gov

And I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: None.

Dated this 5th day of April, 2019.

s/ Leila Kang
Leila Kang, WSBA No. 48048
615 Second Avenue, Suite 400
Seattle, WA 98104
(206) 957-8608
leila@nwirp.org

PLS.' REPLY IN SUPP. OF MOT. FOR
CLASS CERT. - 13
Case No. 2:19-cv-321-RSL

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611