DISTRICT JUDGE ROBERT S. LASNIK

1
2
3
4
5
6
7       UNITED STATES DISTRICT COURT
        WESTERN DISTRICT OF WASHINGTON
8              AT SEATTLE

9   LEOBARDO MORENO GALVEZ, *et al.*,        Case No. 2:19-cv-321-RSL

10                    Petitioner-Plaintiffs,   DEFENDANTS' RESPONSE TO
11                                             THE STATE OF WASHINGTON'S
                        v.                     AMICUS BRIEF
12
13  LEE FRANCIS CISSNA, *et al.*,

14                   Respondent-Defendants.

15

16          Pursuant to the Court's April 16, 2019 Order, Defendants submit this response to the

17  amicus brief filed by the State of Washington. Dkt.  22-1.

18                                    **ARGUMENT**

19  **I.      Congress has not Provided Washington with Authority to Implement
              Immigration Programs**
20

21          The State of Washington has not been vested with any authority to implement or

22  administer benefits enshrined in the Immigration and Nationality Act. Any assertion to the

23  contrary is not grounded in law or permitted by the Constitution. "The Government of the

24  United States has broad, undoubted power over the subject of immigration and the status of

25  aliens." *Arizona v. United States*, 567 U.S. 387, 394 (2012). This broad authority is in part

26  based upon the federal government's power to "establish a[] uniform Rule of Naturalization,"

27

28  DEFENDANTS' RESPONSE TO                              UNITED STATES ATTORNEY
    WASHINGTON'S AMICUS BRIEF                          700 STEWART STREET, SUITE 5220
    2:19-cv-321-RSL                                     SEATTLE, WASHINGTON 98101
    PAGE – 1                                                  (206) 553-7970

*id.* at 394-95 (quoting U.S. CONST. art. I, § 8, cl. 4), and in part on the federal government's inherent power as a sovereign to control and conduct relations with foreign governments, *id.* at 395, and to police its borders and exclude or deport aliens. *See, e.g.*, *Kleindienst v. Mandel,* 408 U.S. 753, 765-66 & n.6 (1972).

## II.     USCIS is Under no Obligation to Defer to State Determinations of SIJ Eligibility

Defining special immigrant juveniles as immigrants who have required the protection of a state juvenile court does not confer any jurisdictional or immigration authority to the State of Washington. *See* 8 U.S.C. § 1101(a)(27)(J). Rather, vulnerable children who have found themselves the subject of juvenile court orders, that reach specific conclusions regarding their custody and care in accordance with state law, may be eligible for an immigration benefit like SIJ. *Id.* Reliance on matters typically governed by the state to establish eligibility for an immigrant benefit is not unique to SIJ classification. For example, citizenship can be automatically acquired by certain non-citizen children in the legal and physical custody of their citizen parent. *See* 8 U.S.C. § 1431.

The legal relationship between a child and parent is traditionally under the purview of state domestic relations law. *De Sylva v. Ballentine*, 351 U.S. 570, 580 (1956). However, in determining if federal statutory requirements are satisfied, the federal government is under no obligation to defer to state orders as conclusive. *See Fierro v. Reno,* 217 F.3d 1, 5-6 (1st Cir. 2000) (holding that it was unnecessary to determine the validity of a retroactive state custody decree under state law, because the case could be decided on the "strictly federal ground" that Congress did not intend to give effect to the type of retroactive state custody decree at issue for federal law purposes); See also *Tabucbuc v. Ashcroft,* 84 F. App'x 966, 969 (9th Cir. 2004) ("The meaning of the term 'legal custody' as contained in former INA § 321(a)(3) 'is, of

DEFENDANTS' RESPONSE TO
WASHINGTON'S AMICUS BRIEF
2:19-cv-321-RSL
PAGE – 2

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

course, a question of federal statutory interpretation.'").  Congress has also addressed the potential incompatibility of state domestic relations law and federal immigration law by determining that marriages "entered into for the purpose of procuring an alien's admission [to the United States] as an immigrant" will not qualify the non-citizen for that status, even if the non-citizen's marriage is valid and proper for state-law purposes. 8 U.S.C. § 1186a(b)(1)(A)(i); *United States v. Windsor*, 570 U.S. 744, 764-65 (2013). Consequently, whether the rulings found in a Washington state court order meet the requirements for SIJ eligibility is a matter of statutory interpretation under the sole authority of USCIS. *See* Homeland Security Act of 2002, Pub. L. No. 107–296, §§ 471(a), 451(b), 462(c), 116 Stat. 2135 (Nov. 25, 2002).

Washington's Vulnerable Youth Guardianship (VYG) statute defines a vulnerable youth as, "an individual who has turned eighteen years old, but who is not yet twenty-one years old and *who is eligible for classification under 8 U.S.C. Sec. 1101(a)(27)(J)*". Wash. Rev. Code § 13.90.010(6) (emphasis added). Washington has thus improperly tasked its judges with interpreting and applying federal immigration law to determine if the youth is eligible for SIJ classification. Wash. Rev. Code § 13.90.020(3)(c). Washington believes that USCIS is obligated to defer to the state court's determinations regarding SIJ eligibility.  Dkt. 22-1 at pp. 8-9, 13-14. This contention is not supported by law.  It is well established that, "[t]he conditions for entry [or removal] of every alien…have been recognized as matters solely for the responsibility of the Congress...." *Harisiades v. Shaughnessy*, 342 U.S. 580, 596–97 (1952) (Frankfurter, J., concurring) (emphasis added).

Additionally, the VYG statute contravenes Congressional intent.  USCIS's consent function was a direct result of Congressional concern that state juvenile courts could issue orders containing the requisite findings that should not ultimately result in an immigration

benefit. *See Depts. of Commerce, Justice and State, the Judiciary, and Related Agencies Appropriations for Fiscal Year 1998: Hearing on H.R. 2267/S. 1022 Before the Subcomm. of the Comm. On Appropriations*, 105th Cong. 112 (1998) (comments of Senator Pete Domenici, citing the case of a 20-year-old alien who obtained SIJ classification after his parents agreed to have his uncle in New Mexico serve as his guardian, as an example of a case granted contrary to the intended purpose of the SIJ statute). Congress explicitly added the consent function to make clear that the state juvenile court orders that reach the required questions of state law do not necessarily satisfy the requirements to obtain SIJ classification.

### III.    USCIS Recognizes State Juvenile Court Expertise in Making Child Welfare Determinations

USCIS is deferential to the expertise of juvenile courts in their application of relevant state law, and there is no controversy regarding the state of Washington's authority to issue decisions under state child welfare law that may serve as evidence to establish SIJ eligibility. But the examples cited by Washington all relate to child dependency proceedings where the court has competent jurisdiction over the parent-child relationship.  Dkt. 22-1 at pp. 9-10, 11-13. This stands in stark contrast to VYG, where the subjects of those orders are not children. Wash. Rev. Code § 13.90.010(6) ("A youth who remains in a vulnerable youth guardianship under this chapter shall not be considered a 'child' under any other state statute or for any other purpose.") Rather, individuals seeking a VYG for the express purpose of establishing SIJ eligibility are conferring their own decision-making authority to a guardian, as opposed to a court transfer of parental rights as contemplated by the SIJ statute. *See e.g.* Wash. Rev. Code § 13.90.020 (noting that both the petitioner and the proposed guardian must agree to the establishment of a guardianship); *Id.* § 13.90.060(2) ("The court shall terminate the vulnerable youth guardianship upon the request of the vulnerable youth."), *compare with* 8 U.S.C. §

DEFENDANTS' RESPONSE TO
WASHINGTON'S AMICUS BRIEF
2:19-cv-321-RSL
PAGE – 4

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1101(a)(27)(J)(i) (requiring a state juvenile court conclusion as to the viability of reunification due to parental maltreatment).

While USCIS looks for court orders that contain "findings" reached under state law and that are supported by a reasonable factual basis, Washington avers that the SIJ statute merely requires the state court to engage in fact-finding. Dkt. 22-1 at 8. The USCIS Policy Manual contains the agency's long-standing position that it defers to state juvenile courts on matters of child welfare. However, USCIS's deference is based on the understanding that courts apply the relevant state child welfare laws to the facts in issuing their orders. As the Policy Manual explicitly states:

> …USCIS requires that the juvenile court order or other supporting evidence contain or provide a reasonable factual basis for each of the findings necessary for classification as a SIJ. The evidence needed does not have to be overly detailed, but must confirm that the juvenile court made an informed decision in order to be considered "reasonable." USCIS generally consents to the grant of SIJ classification when the order includes or is supplemented by a reasonable factual basis for all of the required findings.

6 U.S. Citizenship & Immigration Services Policy Manual (October 2016) part J, ch. 2(D)(5), *available at* https://www.uscis.gov/policymanual/HTML/PolicyManual-Volume6.html. USCIS's policy regarding consent has always included the authority to review the factual underpinnings of state court decision-making to determine whether the order is bona fide for immigration purposes. *See* H.R. Rep. No. 105-405, 105th Cong., 1st Sess. at 130 (1997), *reprinted in* 1997 U.S.C.C.A.N. 2941, 2981.

## CONCLUSION

The Court should deny Plaintiffs' requested injunction and affirm that Washington is preempted from making immigration determinations.

DEFENDANTS' RESPONSE TO
WASHINGTON'S AMICUS BRIEF
2:19-cv-321-RSL
PAGE – 5

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

BRIAN T. MORAN
United States Attorney

*s/ Matt Waldrop*
MATT WALDROP, Georgia Bar #349571
Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone:  206-553-7970
Fax:  206-553-4067
Email:  james.waldrop@usdoj.gov

DEFENDANTS' RESPONSE TO
WASHINGTON'S AMICUS BRIEF
2:19-cv-321-RSL
PAGE – 6

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Western District of Washington and is a person of such age and discretion as to be competent to serve papers;

It is further certified that on the below date I electronically filed Defendants' Response to Washington's Amicus Brief with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following CM/ECF participant(s):

Aaron Korthuis        Aaron@nwirp.org

Leila Kang        Leila@nwirp.org

Matt Adams        Matt@nwirp.org

Meghan E Casey        Meghan@nwirp.org

Olivia Fiona Gibbons        Olivia@nwirp.org

Tim Henry Warden-Hertz        Tim@nwirp.org

Chalia Stallings-Ala'ilima        chalias@atg.wa.gov

DATED this 22nd day of April, 2019.

s/ Ivette Moshe
IVETTE MOSHE, Legal Assistant
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: 206-553-7970
Fax:    206-553-4067
E-mail: ivette.moshe2@usdoj.gov

DEFENDANTS' RESPONSE TO
WASHINGTON'S AMICUS BRIEF
2:19-cv-321-RSL
PAGE – 7

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970