Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| Leobardo MORENO GALVEZ, et al.<br><br>Plaintiffs,<br><br>v.<br><br>Lee Francis CISSNA, Director, U.S. Citizenship and Immigration Services, et al.<br><br>Defendants. | Case No. 2:19-cv-00321-RSL<br><br>**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY** |

Pursuant to Local Rule 7(n), Plaintiffs respectfully submit this notice to advise the Court of *W.A.O. v. Cuccinelli*, No. 2:19-cv-11696-MCA-MAH (D.N.J. July 3, 2019) (order granting preliminary injunction).

Dated this 3rd day of July, 2019.

s/ Matt Adams
Matt Adams, WSBA No. 28287

s/ Leila Kang
Leila Kang, WSBA No. 48048

s/ Aaron Korthuis
Aaron Korthuis, WSBA No. 53974

s/ Tim Warden-Hertz
Tim H. Warden-Hertz, WSBA No. 53042

PLS.' NOTICE OF SUPP. AUTHORITY – 1
Case No. 2:19-cv-00321-RSL

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

1
2          s/ Meghan Casey
          Meghan Casey, WSBA No. 45275
3
          s/ Olivia Gibbons
          Olivia Gibbons, WSBA No. 52760
4
5          NORTHWEST IMMIGRANT RIGHTS PROJECT
          615 Second Avenue, Suite 400
          Seattle, WA 98104
6          Telephone: (206) 957-8611
          Email: matt@nwirp.org
7             leila@nwirp.org
             aaron@nwirp.org
8             tim@nwirp.org
             meghan@nwirp.org
9             olivia@nwirp.org

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

PLS.' NOTICE OF SUPP. AUTHORITY – 2        NORTHWEST IMMIGRANT RIGHTS PROJECT
Case No. 2:19-cv-00321-RSL             615 Second Avenue, Suite 400
                             Seattle, WA 98104
                             Tel. (206) 957-8611

**CERTIFICATE OF SERVICE**

I hereby certify that on July 3, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| Chalia I. Stallings-Ala'ilima | chalias@atg.wa.gov |
| | cruecf@atg.wa.gov |
| | |
| Matt Waldrop | james.waldrop@usdoj.gov |
| | amy.hanson@usdoj.gov |
| | ivette.moshe2@usdoj.gov |
| | eli.quintana@usdoj.gov |

And I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: None.

Dated: July 3, 2019.

*s/ Leila Kang*
Leila Kang
Northwest Immigrant Rights Project
615 Second Avenue, Suite 400
Seattle, WA 98104
(206) 957-8608
leila@nwirp.org

PLS.' NOTICE OF SUPP. AUTHORITY – 3
Case No. 2:19-cv-00321-RSL

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

# EXHIBIT A

PLS.' NOTICE OF SUPP. AUTHORITY
Case No. 2:19-cv-00321-RSL

NORTHWEST IMMIGRANT RIGHTS PROJECT
615 Second Avenue, Suite 400
Seattle, WA 98104
Tel. (206) 957-8611

# UNITED STATES DISTRICT COURT FOR
# THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| W.A.O., H.H.M.C., N.L.J., and K.M.R.L., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KENNETH T. CUCCINELLI II, Acting Director, U.S. Citizenship and Immigration Services, KEVIN McALEENAN, Acting Secretary, U.S. Department of Homeland Security; ROBERT COWAN, Director, National Benefits Center, U.S. Citizenship and Immigration Services; UNITED STATES DEPARTMENT OF HOMELAND SECURITY; and UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES,<br><br>Defendants. | Civil Action No.<br>2:19-cv-11696 (MCA) (MAH)<br><br><br>**PRELIMINARY INJUNCTION ORDER** |

Plaintiffs W.A.O., H.H.M.C., N.L.J., and K.M.R.L., individually and on behalf of all others similarly situated, having moved this Court for class certification,

Plaintiffs W.A.O., H.H.M.C., N.L.J., and K.M.R.L., individually and on behalf of all others similarly situated, having moved this Court for a preliminary injunction to correct and prevent the delay and denial of petitions for Special Immigrant Juvenile Status ("**SIJS**") on the ground that the Family Part of the Chancery Division of the New Jersey Superior Court ("**the Family Part**") lacked jurisdiction to make specified, predicate child welfare findings as to petitioners between the ages of 18 and 21,

The parties, having agreed to continue good faith efforts to resolve the matter brought by Plaintiffs,

The court, having considered the briefs and arguments of counsel and determined that it is necessary to protect the Plaintiffs and proposed class on a temporary basis during further negotiations between the parties,

IT IS NOW ORDERED:

**Classwide Relief**

1. The relief described in this Order shall apply to named Plaintiffs and all individuals who have filed or will file SIJS petitions based on New Jersey Family Part orders that were entered between the petitioners' 18th and 21st birthdays, and whose SIJS petitions are, have been, or will be delayed, denied, or revoked on the ground that the Family Part lacks the authority, power, or jurisdiction to make the required predicate child welfare findings as to petitioners in this age group.

**Conclusions of Law**

2. Defendants' imposition of a new requirement for SIJS, and delay, denial, or revocation of Plaintiffs' and class members' SIJS petitions, violate the Administrative Procedure Act by (1) exceeding the agency's statutory authority under the Immigration and Nationality Act ("INA"), (2) usurping the authority granted to state courts by the INA, (3) depriving Plaintiffs and class members of due process of law, and (4) failing to follow prescribed procedures.

3. In adjudicating SIJS petitions, USCIS is required to defer to state courts on matters of state law. Congress reserved a critical role for state courts in the SIJS framework because state courts are expert in making child welfare determinations, including with what individual or agency a juvenile should be placed; whether the juvenile has been abused, neglected, or abandoned; and what is in his or her best interest. 8 U.S.C. § 1101(a)(27)(J)(i)-(ii) ("**SIJS Statute**"). The agency's own policy guidance emphasizes the importance of deference to the jurisdiction and expertise of the state courts in making child welfare findings. In particular, "[j]uvenile courts should follow their state laws on issues such as when to exercise their authority, evidentiary standards, and due process." USCIS Policy Manual, Vol. 6, Part J, ch. 3.A.2; *see also id.* ch. 2.D.4 ("The juvenile court order must have been properly issued under state law to be valid for the purposes of establishing eligibility for SIJ classification. This includes the need for the juvenile court to follow their state laws on jurisdiction.").[1] Furthermore, the USCIS Administrative Appeals Office (the "**AAO**") has recently emphasized that it is USCIS policy to "respect state family court

---

[1] References to the USCIS Policy Manual demonstrate the agency's current support for the propositions cited, but the terms of this Order control and will control even if the Manual is subsequently revised.

jurisprudence." *See* AAO Decision in the Matter of N-L-J-, ECF No. 19.2 at 9-14 ("[S]tate law, not federal law, governs the definition of 'juvenile,' 'child,' 'infant,' . . . or any other equivalent term for juvenile which applies to the dependency or custody proceedings before the juvenile court.").

4. The Family Part is a "juvenile court" for the purpose of making the child welfare findings required by the SIJS Statute, 8 U.S.C. § 1101(a)(27)(J)(i)–(ii) ("**SIJ Findings**"), because the Family Part has "jurisdiction under State law to make judicial determinations about the custody and care of juveniles," 8 C.F.R. § 204.11(a); *see also A.E.C. v. P.S.C.*, 453 N.J. Super. 19, 30 (App. Div. 2018) (holding that the Family Part "always" has "jurisdiction under state law to make judicial determinations about the custody and care of juveniles" in accordance with 8 C.F.R. § 204.11(a)). Recent AAO decisions have also recognized that the Family Part has competent jurisdiction over individuals between the ages of 18 and 21 to make decisions about both custody and the viability of parental reunification. *See* AAO Decision in the Matter of W-A-O-, ECF No. 19.2 at 3–8; *see* AAO Decision in the Matter of N-L-J-, ECF No. 19.2 at 9–14 (recognizing that the New Jersey family court was operating as a juvenile court for purposes of SIJ classification).

5. With regard to older juveniles, the Family Part has jurisdiction under New Jersey law to find that a juvenile between his or her 18th and 21st birthday is dependent on the court and/or to place that juvenile in the custody or care of a responsible adult or agency. *A.E.C.*, 453 N.J. Super. at 29; N.J. Stat. Ann. § 9:17B–3 (authorizing a court to "take any action it deems appropriate and in the interest of a person under 21 years of age, or to require a change in action heretofore taken by a court with respect to a person under 21 years of age"). The Family Part has such jurisdiction even in situations where New Jersey law requires the consent of the juvenile to a proposed custodial placement. *Id.*; *see also* N.J. Stat. Ann. § 9:6-8.54(c) (requiring juvenile's consent to continue a foster placement beyond the juvenile's 18th birthday).

6. Under New Jersey law, the Family Part's exercise of jurisdiction over juveniles in this age group depends on the juvenile's continuing dependency.

    a. In the context of a child custody proceeding, the Family Part must make findings establishing that the child remains dependent on a parent or caretaker. Relevant factors include, but are not limited to, whether the juvenile is still in school, remains financially and emotionally dependent on

    a caretaker, and/or remains "within the parental 'sphere of influence and responsibility.'" *A.E.C.*, 453 N.J. Super. at 28–29 (quoting *Filippone v. Lee*, 304 N.J. Super. 301, 308 (App. Div. 1997)). Such findings establish that the juvenile is unemancipated, but New Jersey law does not require an explicit declaration of non- emancipation so long as the Family Part makes underlying factual findings showing the juvenile's ongoing dependency. *Id.* at 29 ("[T]o address the SIJ issue, we conclude that either a declaration of unemancipation or a custody order would justify the court in noting, for the purposes of an SIJ finding, that the child is 'dependent' on the court.").

b.     In the context of a juvenile in the foster care system, the Family Part retains jurisdiction over the child so long as abuse or neglect proceedings are instituted before the juvenile turns 18. N.J. Stat. Ann. § 9:6-8.24 ("In determining the jurisdiction of the court under this act, the age of the child at the time the proceedings are initiated is controlling."); N.J. Stat. Ann. § 9:6- 8.21(c) (defining "[a]bused or neglected child" as one "less than 18 years of age"). If proceedings are begun before the juvenile turns 18, the juvenile remains under the jurisdiction of the Family Part, which is authorized to make or continue a foster or other placement after the juvenile turns 18, so long as the juvenile consents. N.J. Stat. Ann. § 9:6-8.54(c); *see also* N.J. Stat. Ann. § 30:4C-2.3 (requiring the Department of Children and Families to provide continuing services to juveniles between the ages of 18 and 21 so long as the juvenile does not refuse and the commissioner determines "that a continuation of services would be in the individual's best interest and would assist the individual to become an independent and productive adult"). Thus, foster children whose abuse or neglect proceedings were initiated before their 18th birthdays remain subject to the Family Part's jurisdiction, including for custodial placements, after they turn 18, without any separate findings related to non-emancipation.

c.     In the context of a juvenile adjudicated as a delinquent, New Jersey law makes them wards of the State. N.J. Stat. Ann. § 2A:4A-21(e) (providing "that children under the jurisdiction of the court are wards of the State,

subject to the discipline and entitled to the protection of the State, which may intervene to safeguard them from neglect or injury and to enforce the legal obligations due to them and from them"). Only a juvenile who commits an offense before the age of 18 is subject to a delinquency adjudication (as opposed to a criminal prosecution), N.J. Stat. Ann. § 2A:4A-22(a) (defining a "juvenile" for the purpose of delinquency adjudications as "under the age of 18 years"); *see also* N.J. Stat. Ann. § 2A:4A-24(d), but once adjudicated as a delinquent, a young person remains subject to the jurisdiction of the Family Part throughout the term of the disposition (analogous to a criminal sentence), even after the youth turns 18 years old, N.J. Stat. Ann. § 2A:4A-45; *see also State v. S.T.*, 254 N.J. Super. 1 (App. Div. 1991) (holding that Family Part retains jurisdiction over youth who violated probation after turning 18); *In re K.F.*, 313 N.J. Super. 319 (App. Div. 1998) (upholding delinquency disposition ordering the Division of Youth and Family Services to pay for services for juvenile over 18, relying in part on authority granted by N.J. Stat. Ann. § 9:17B-3). Thus, the Family Part has jurisdiction over youth subject to delinquency dispositions after their 18th birthdays, without having to make separate findings of non-emancipation.

    d.    The jurisdiction of the Family Part over other juveniles between the ages of 18 and 21, and the court's authority to declare them dependent or place them in the custody of a responsible adult or agency, will depend on the context in which the case arises. New Jersey law governs in establishing the authority of the Family Part to assume jurisdiction over a juvenile in this age group and to make the child welfare findings necessary for a subsequent SIJS petition.

**Adjudication of SIJS Petitions of Plaintiffs and Class Members**

7.    Based on the New Jersey law reflected in Paragraphs 4–6, USCIS shall not, until further Order of this Court, delay, deny, or revoke SIJS petitions on the ground that the Family Part lacks jurisdiction to make SIJ Findings as to juveniles who are between 18 and 21 years old, so long as New Jersey law establishes that the juvenile is subject to such jurisdiction.

**Identification and Correction of SIJS Petitions with Adverse Actions**

8. The parties shall meet and confer to propose to the court by the date of the status conference set in ¶ 19 a system for identifying those individuals who filed SIJS petitions that were pending at any time between January 1, 2018, and the present, and who relied on a Family Part order entered between the petitioner's 18th and 21st birthday ("**18+ SIJS Petitions**").

9. USCIS has identified approximately 110 class members whose 18+ SIJS Petitions have been denied. The Agency shall have 60 days from the date of this Order to review those denials to see if they conform with this Order and to readjudicate those petitions as warranted.

10. The parties shall meet and confer to propose to the court by the date of the status conference set in ¶ 19 a system for identifying which of the petitioners identified in ¶ 8 were subject to adverse agency actions or delays, including:

   a. Delays beyond 180 days from the date the petition was filed;

   b. Requests for Evidence pertaining to the jurisdiction of the Family Part to make SIJ Findings for juveniles between 18 and 21 years old;

   c. Notices of Intent to Deny based in whole or in part on USCIS's position that the Family Part lacks jurisdiction to make SIJ Findings for juveniles between 18 and 21 years old;

   d. Additional denials based in whole or in part on USCIS's position that the Family Part lacks jurisdiction to make SIJ Findings for juveniles between 18 and 21 years old;

   e. Notices of Intent to Revoke based in whole or in part on USCIS's position that the Family Part lacks jurisdiction to make SIJ Findings for juveniles between 18 and 21 years old; and/or

   f. Revocations based in whole or in part on USCIS's position that the Family Part lacks jurisdiction to make SIJ Findings for juveniles between 18 and 21 years old.

11. The parties shall meet and confer to propose to the court by the date of the status conference set in ¶ 19 what corrective actions shall be taken with regard to each of these potential adverse agency actions and delays.

12. Pending further order of this Court, and in addition to any remedies to be agreed upon pursuant to Paragraphs 9–11, any individual who has filed an 18+ SIJS Petition may move

to reopen, seek reconsideration, file an appeal, or use other established administrative procedures to prompt USCIS to review and correct any action the petitioner believes to be in conflict with this Order. The petitioner may seek such administrative relief at any time after entry of this Order. Defendants shall accept filings under this Paragraph for 180 days after providing the notice to be agreed upon pursuant to Paragraph 13 and shall charge no fees in connection with any such filing.

### Notice to Individuals Who Have Filed 18+ SIJS Petitions

13. The parties shall meet and confer to propose to the court by the date of the status conference set in ¶ 19 a system for providing notice to individuals who have filed 18+ SIJS Petitions. Such notice shall be designed to inform such individuals of the contents of this Order and subsequent Orders of this Court pertaining to classwide relief.

### Notice of Adverse Adjudicatory and Enforcement Actions

14. Pending further order of this Court, Defendants shall provide no less than 45 days' notice to Plaintiffs' counsel and to this Court before USCIS takes any adverse adjudicatory action in response to any 18+ SIJS petition. Similarly, Defendants shall provide no less than 45 days' notice to Plaintiffs' counsel and to this Court before ICE executes a removal order against any named Plaintiff or other individual who filed an 18+ SIJS Petition.

15. Defendants have agreed for a six-month period from the date of this Order to defer the execution of removal orders against individuals who have filed SIJ petitions based on New Jersey Family Part orders that were entered between the petitioners' 18th and 21st birthdays, and whose SIJS petitions have been denied or revoked on the ground that the Family Part lacked the authority, power, or jurisdiction to make the required predicate child welfare findings as to petitioners in this age group.

16. The parties shall meet and confer about potential relief for petitioners who are presently detained or who are subject to removal orders or voluntary departure orders following Defendants' denial of their 18+ SIJS Petitions for any reason and who are still present in the United States. Defendants shall provide to Plaintiffs' counsel and the Court the identities of these potential class members within 30 days of this Order.

### Relief for the Named Plaintiffs

17. The USCIS Administrative Appeals Office has sustained the appeals of W.A.O. and N.L.J., directing the USCIS National Benefits Center to grant their SIJS applications. Defendant Robert Cowan will ensure that grants are issued within a reasonable time of the entry

of this Order.

The USCIS Administrative Appeals Office has issued an RFE to H.H.M.C. requesting additional evidence to show that the Family Part found him to be unemancipated. The May 30, 2017, Family Part Order he submitted as Exhibit A to his Declaration (A-120) finds that H.H.M.C.:

    a.    is "declared a dependent on the Juvenile Court," ¶ 1;

    b.    "currently attends New Brunswick High School, where he is in the 10th grade," ¶ 1(a);

    c.    is "thriving under the care of [his mother] and [stepfather]," ¶ 1(a);

    d.    "shall remain under this Court's jurisdiction until the age of 21," ¶ 2; and

    e.    his mother and stepfather "shall continue to have physical custody and guardianship of the minor child," ¶ 5.

Because these findings establish that H.H.M.C. was not emancipated at the time the Family Part entered the order, and because New Jersey law does not demand an explicit declaration of non-emancipation, *see supra* Paragraph 6.a., Defendants shall take prompt remedial action consistent with this Order.

    18.    The Court will conduct periodic status conferences to monitor progress on the issues as to which the parties will be meeting and conferring. The next status conference shall take place at 2:00 p.m. on Tuesday, September 17, 2019 before the undersigned. The parties shall file a joint status letter one day in advance of the next conference.

**Dated: July 3, 2019**

                                    */s Madeline Cox Arleo*
                                    **HON. MADELINE COX ARLEO**
                                    **UNITED STATES DISTRICT JUDGE**