1
2
3
4
5
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE
6
7
LEOBARDO MORENO GALVEZ, *et al.*,
8
Plaintiffs,

Case No. C19-0321RSL
9
v.
10
ORDER GRANTING PLAINTIFFS'
MOTION FOR CLASS
CERTIFICATION

KENNETH T. CUCCINELLI,[1] *et al.*,
11
12
Defendants.
13
14
15
This matter comes before the Court on "Plaintiffs' Motion for Class Certification." Dkt.

16
# 2. The three named plaintiffs seek certification of a class of:

17
18
19
All individuals who have been issued predicate Special Immigrant Juvenile
Status ("SIJS") orders by Washington state courts after turning eighteen years
old but prior to turning twenty-one years old and have submitted or will submit
SIJS petitions to United States Citizenship and Immigration Services ("USCIS")
prior to turning twenty-one years old.

20
Having reviewed the memoranda, declarations, and exhibits submitted by the parties, and

21
22
having heard the arguments of counsel in the context of the preliminary injunction motion, the

23
motion for class certification is GRANTED.

24
**A.    Plaintiffs and the Class Satisfy Fed. R. Civ. P. 23(a)**

25
Before certifying a class, the Court must assure itself that the proposed class satisfies

26
27
[1] Kenneth T. Cuccinelli became the acting director of the United States Citizenship and Immigration Services on
June 10, 2019, replacing Lee Francis Cissna, the originally-named defendant.

28

the four prerequisites set forth in Fed. R. Civ. P. 23(b)(3):

> (1) the class is so numerous that joinder of all members is impracticable,
> (2) there are questions of law or fact common to the class, (3) the claims or
> defenses of the representative parties are typical of the claims or defenses of the
> class, and (4) the representative parties will fairly and adequately protect the
> interests of the class.

See In re Hyundai and Kia Fuel Economy Litig., 926 F.3d 539, 556 (9th Cir. 2019).

Defendants apparently agree that plaintiffs Moreno Galvez and Vicente Ramos[2] are

adequate class representatives, but challenge their ability to establish numerosity,

commonality, or typicality.

### 1. Numerosity.

The Class's size is sufficiently numerous to meet the requirement of numerosity. There

are at least fifty-three members in the proposed class. As a general rule, a potential class of

forty members is considered impractical to join. Cox v. Am. Cast Iron Pipe Co., 784 F.2d 1546,

1553 (11th Cir. 1986); In re Banc of Cal. Sec. Litig., 326 F.R.D. 640, 646 (C.D. Cal. 2018).

Accordingly, plaintiffs have met their burden of showing that the proposed class is so

numerous that joinder is impracticable.

### 2. Commonality

A class meets the commonality requirement when "the common questions it has raised

are 'apt to drive the resolution of the litigation' no matter their number. Jimenez v. Allstate Ins.

Co., 765 F.3d 1161, 1165 (9th Cir. 2014). Here, plaintiffs allege that defendants have

---

[2] USCIS has failed to adjudicate the SIJS petition submitted by plaintiff Muñoz Olivera and argues that he
therefore lacks standing to challenge the lawfulness of its new policy. Even if Muñoz Olivera's claim could be
challenged on the ground that there is no final agency action, the argument does not preclude class certification.
First, there are two other named plaintiffs whose SIJS petitions have been denied and are admittedly adequate
representatives of the class. Second, the February 2018 policy that is being challenged applies equally to
petitioners in the eighteen to twenty-one year old age group regardless of whether they are awaiting adjudication
or have received a denial. The policy limits the discretion of the adjudicators and therefore impacts Muñoz Olivera
in a manner that is redressable.

implemented a policy requiring adjudicators to reject SIJS determinations by Washington state courts if the juvenile is over the age of eighteen. The class's common questions include:

- o Whether the policy is procedurally defective.
- o Whether the policy is in accordance with federal law.
- o Whether the policy is arbitrary and capricious.

Any one of these common questions of fact and law is sufficient to satisfy the Fed. R. Civ. P. 23(a) commonality requirement. Any factual distinctions in the agency's justifications for denying a particular SIJS petition do not alter this conclusion.

### 3. Typicality

With regards to plaintiffs' challenge to the procedural and substantive validity of the February 2018 policy, the named plaintiffs are typical of the class because plaintiffs' claims arise from the same alleged policy and course of conduct and are based on the same legal theories regarding defendants' allegedly wrongful conduct. Each class member's challenge to the procedural and substantive validity of the new policy is based on the same facts and the same legal theories as the named plaintiffs' challenge. Typicality has been interpreted to mean that "a class representative must be part of the class and 'possess the same interest and suffer the same injury' as the class members." Gen. Tel. Co. of the Sw. v. Falcon, 457 U.S. 147, 156 (1982) (quoting East Texas Motor Freight Sys., Inc., v. Rodriguez, 431 U.S. 395, 403 (1977). Plaintiffs' claims satisfy this criterion.

### 4. Adequacy

The proposed class representatives and their counsel will fairly and adequately protect the interests of the class. Plaintiffs have no antagonistic or conflicting interests with absent class members and class counsel are experienced in immigration matters.

**B.      The Requirements of Fed. R. Civ. P. 23(b)(3) Are Met.**

This dispute revolves around questions common to the class, as set forth above. Answering those common questions will determine the viability of the February 2018 policy and its applicability to every member of the proposed class. The Court finds that common questions predominate over individual questions, that answering these questions in a single forum "would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results" (1966 Advisory Committee Notes, Rule 23(b)(3)), and that a class action is superior to other available means for the fair and efficient adjudication of this controversy.

It is, accordingly, hereby ORDERED, ADJUDGED AND DECREED:

1. This action shall be maintained as a class action under Fed. R. Civ. P. 23(b)(3) and on behalf of the following Class:

   All individuals who have been issued predicate Special Immigrant Juvenile Status ("SIJS") orders by Washington state courts after turning eighteen years old but prior to turning twenty-one years old and have submitted or will submit SIJS petitions to United States Citizenship and Immigration Services ("USCIS") prior to turning twenty-one years old.

2. Plaintiffs are appointed class representatives.

3. Plaintiffs' counsel are hereby appointed and designated as counsel for the above-mentioned class and are authorized to act on behalf of the members of the classes.

**IT IS SO ORDERED.**

Dated this 17th day of July, 2019.

*MM S Lasnik*
ROBERT S. LASNIK
UNITED STATES DISTRICT JUDGE