# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

LEOBARDO MORENO GALVEZ, *et al.*,

Plaintiffs,

v.

KENNETH T. CUCCINELLI,[1] *et al.*,

Defendants.

Case No. C19-0321RSL

ORDER REGARDING DEFENDANTS' MOTION FOR RECONSIDERATION

On July 17, 2019, the Court issued a preliminary injunction enjoining defendants from:

● denying applications for Special Immigrant Juvenile ("SIJ") status pursuant to 8 U.S.C. §1101(a)(27)(J) on the ground that a Washington state court did not have jurisdiction or authority to "reunify" an immigrant with his or her parents; or

● initiating removal proceedings against or removing any SIJ petitioner whose SIJ petition has been denied on the ground that the Washington state court did not have jurisdiction or authority to "reunify" an immigrant with his or her parents.

Dkt. #42 at 16-17. The Court also ordered the United States Citizenship and Immigration Services ("USCIS") to:

● reopen and readjudicate any SIJ petition that was denied on the grounds that the Washington state court did not have jurisdiction or authority to "reunify" an immigrant with his or her parents within thirty days of the date of the order;

---
[1] Kenneth T. Cuccinelli became the acting director of the United States Citizenship and Immigration Services on June 10, 2019, replacing Lee Francis Cissna, the originally-named defendant.

● adjudicate all outstanding SIJ petitions based on a Washington state court order within thirty days if more than 150 days had already passed since the petition was filed; and

● adjudicate all other SIJ petitions based on Washington state court orders within the 180-day period set forth in the statute in the absence of an affirmative showing that the petition raises novel or complex issues which cannot be resolved within the allotted time.

Dkt. #42 at 17.[2] Defendants filed a timely motion for reconsideration (Dkt. #45) arguing that the Court lacks jurisdiction under 8 U.S.C. §1252(f)(1) and §1252(g) to interfere with removal proceedings. In addition, defendants argue that the deadlines imposed in the July 17th order will create substantial hardship for the agency and unfairly prioritize Washington-based SIJ applications over those filed elsewhere.

"Motions for reconsideration are disfavored." LCR 7(h)(1). The moving party must show "manifest error in the prior ruling" or "new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." Id. Defendants' jurisdictional arguments are primarily based on the "manifest error" prong of LCR 7(h)(1), while their request for reconsideration of the deadlines imposed is based on "new facts."

**A. Jurisdiction**

Section 1252 of the Immigration and Nationality Act strips most courts of the power to enjoin or restrain on a classwide basis the operation of the provisions of §§ 1221-1232 (8 U.S.C. §1252(f)(1)) or to hear any claim arising from the Attorney General's decision to commence proceedings, adjudicate cases, or execute removal orders (8 U.S.C. §1252(g)). When applying §1252(f)(1), the Ninth Circuit has held that where "a petitioner seeks to enjoin

---

[2] The parties have agreed to extend the deadlines regarding adjudication and re-adjudication of applications pending for more than 150 days until August 26, 2019. It is so ORDERED.

conduct that allegedly is not even authorized by the statute, the court is not enjoining the operation of" the specified statutory sections, but rather is enjoining a violation of those statutory provisions. Rodriguez v. Hayes, 591 F.3d 1105, 1120 (9th Cir. 2010) (quoting Ali v. Ashcroft, 346 F.3d 873, 886 (9th Cir. 2003)). In such circumstances, §1252(f)(1) is simply not implicated. Id. The Supreme Court recently had a chance to review the Ninth Circuit's approach, remanding for consideration of whether classwide injunctive relief may issue based on a constitutional challenge, as opposed to a statutory challenge. Jennings v. Rodriguez, __ U.S. __, 138 S. Ct. 830, 851 (2018).

In this case, plaintiffs allege that defendants' new policy violates the SIJ statute, that the unlawful denials caused by the policy have deprived them of a defense to removal, and that the delays in adjudication violate 8 U.S.C. §1232(d)(2). Defendants argue that the long wait time for immigrant visas for class members breaks any causal connection between the alleged violations of the SIJ statute and the initiation of removal proceedings, with the implication being that there is no violation of §§1221-1232 that could justify classwide injunctive relief under Rodriguez. In particular, defendants argue that adjustment of status under 8 U.S.C. §1255(a) is appropriate only if an immigrant visa is immediately available, that the wait time for a visa to become available for someone from Mexico, Guatemala, El Salvador, and Honduras is at least three years,[3] and that under an interim decision issued by the Attorney General, "good cause" for a continuance of removal proceedings "does not exist if the alien's visa priority date is too remote to raise the prospect of adjustment of status above the speculative level." Dkt. #49 at 2 (citing Matter of L-A-B-R, 2018 WL 3955559, 27 I&N Dec.

---

[3] The Court notes that, while the three named class members are from Mexico or Guatemala, SIJ applications can be filed by eligible youth from anywhere in the world. It is therefore unclear whether defendants' visa/good cause argument pertains to other class members.

ORDER REGARDING DEFENDANTS'
MOTION FOR RECONSIDERATION - 3

405 at 418 (A.G. Aug. 16, 2018)). Although defendants raised a §1252(f)(1) argument in response to plaintiff's request for a preliminary injunction, they waited until filing their reply to the motion for reconsideration to assert this visa/good cause argument. Plaintiffs have not had an opportunity to respond to this argument and, given defendants' reliance on a decision that is over a year old and facts regarding wait times that have long been in their possession, its untimely assertion cannot be justified on the grounds of "new" facts or legal authority. Reconsideration is denied on that ground.[4]

Section 1252(g), for its part, is designed to limit "attempts to impose judicial constraints upon prosecutorial discretion" regarding three discrete types of decisions, namely to commence removal proceedings, adjudicate cases, or execute removal orders. U.S. v. Hovsepian, 359 F.3d 1144, 1155 (9th Cir. 2004). It does not, however, divest courts of jurisdiction to hear claims that arise outside of the removal context, such as this challenge to an unlawful policy regarding the way SIJ applications are adjudicated. See Fatty v. Nielsen, C17-1535MJP, 2018 WL 3491278 at *1-2 (W.D. Wash. July 20, 2018). To the extent the remedy chosen by the Court prohibits the commencement of removal proceedings against class members and therefore interferes with the Attorney General's prosecutorial discretion, the Court has already found, and reiterates here, that temporarily enjoining the removal of class members is necessary to safeguard the Court's judicial power over the parties and to ensure that relief can be afforded if plaintiffs are able to establish that the denials of their SIJ applications were unlawful.

---

[4] The Court further notes that 8 U.S.C. §1232(d)(2) requires the adjudication of SIJ applications within 180 days and that obtaining SIJ status arguably triggers a waiver of grounds for deportation under 8 U.S.C. §1227(c). The parties have not had a full and fair opportunity to address the relevance of these provisions to the Rodriguez analysis, but it appears that the failure to comply with statutory deadlines and efforts to deport a person who is no longer deportable would be violations of provisions of Part IV of Subchapter II that could justify classwide injunctive relief notwithstanding §1252(f)(1).

**B. Substantial Hardship**

Defendants argue that compliance with the Court's timeline for adjudicating (or readjudicating) SIJ petitions will cause substantial hardship inside the agency, unfairly prioritize Washington applicants over all others, and "create a devastating ripple effect on other immigration benefit programs." Dkt. #45 at 5; Dkt. #49 at 3.[5] To the extent defendants' motion is based on new evidence regarding the amount of training it takes to develop a new SIJ adjudicator, the average number of hours it takes to adjudicate an SIJ application, and the percentage of time an SIJ adjudicator spends on administrative tasks, that information could have and should have been provided to the Court in opposition to plaintiffs' original demand that defendants act within the statutory periods and complete all pending adjudications within 14 days. Any information defendants had showing that the requested relief would be impossible should have been put forward in a timely manner.

To the extent defendants' motion is based on its current backlog of SIJ applications, its backlog of other benefits applications, the number of trained adjudicators, and/or the fact that prioritizing class members' applications will impact the remainder of USCIS' workload, the Court took those factors into consideration when fashioning a remedy. There was no manifest error in the Court's balance of the equities, and defendants offer no new facts or legal authority that could justify reconsideration. Defendants have provided limited evidence regarding the progress they have made in adjudicating class members' SIJ applications and have not offered an estimate of when USCIS believes the backlog of adjudications will be cleared or when it will be capable of adjudicating new applications within the 180-day deadline imposed by

---

[5] Although defendants refer to the deadlines imposed in the preliminary injunction order as "the Court's timeline," the 180-day period that informed that timeline is mandated by Congress.

Congress.[6] Left to its own devices, the agency stopped processing these applications for a period of time and left petitions unadjudicated for years. As previously noted, Congress chose to prioritize the adjudication of SIJ petitions: absent some indication of progress or a plan to attain statutory compliance, the Court declines to reconsider its order.

For all of the foregoing reasons, defendants' motion for reconsideration (Dkt. #45) is DENIED.

Dated this 23rd day of August, 2019.

*MM S Lasnik*
ROBERT S. LASNIK
UNITED STATES DISTRICT JUDGE

---

[6] In the stipulation extending the deadline for adjudication and re-adjudication, the parties represent that defendants have finished processing the named plaintiffs' SIJ petitions and have re-adjudicated all class members petitions that were previously denied. The number of petitions that remain to be adjudicated is unclear.