UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LEOBARDO MORENO GALVEZ, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UR M. JADDOU,[1] *et al.*, <br><br> Defendants. | Case No. C19-0321RSL <br><br> AMENDED PERMANENT INJUNCTION |

    The named plaintiffs in the above-captioned matter represent a class of young immigrants who were determined by the courts of the State of Washington to have been abused, neglected, or abandoned by one or both of their parents. Plaintiffs sought classification as Special Immigrant Juveniles ("SIJ") as a pathway to lawful permanent residency in the United States, but a 2018 change in policy denied them SIJ status. On October 5, 2020, the undersigned found that requiring Washington state courts to have jurisdiction or authority to "reunify" 18-20 year old youths with their parents before making the relevant SIJ findings was unlawful and that defendants unlawfully delayed the adjudication of SIJ petitions. The Court

---

[1] Ms. Jaddou is the current Director of the United States Citizenship and Immigration Services.

AMENDED PERMANENT INJUNCTION - 1

granted plaintiffs' motion for summary judgment and issued a permanent injunction requiring defendants to comply with 8 U.S.C. §1232(d)(2). Defendants appealed.

On February 10, 2023, the matter was remanded from the United States Court of Appeals for the Ninth Circuit for modification of the tolling provision of the permanent injunction. Having reviewed the parties' proposed amendments to the permanent injunction and having heard the arguments of counsel, the Court hereby AMENDS the terms of the permanent injunction to remove the tolling provision. The Court ORDERS and ENJOINS defendants as follows:

Defendants must adjudicate any SIJ petitions based on a Washington state court order within 180 days of the date that the application is filed by the petitioner (*i.e.*, in the parlance of the proposed rule, the date "the SIJ petition is receipted, as reflected in the receipt notice sent to the SIJ petitioner"). This timeline is inclusive of any requests for additional evidence or notices of intent to deny that USCIS may issue to a petitioner. USCIS must provide SIJ petitioners with sufficient time prior to the expiration of the 180 days to respond to the request/notice in an effort to complete final adjudication of the SIJ petition in a timely manner. USCIS may not use the issuance of a request for information or notice of intent to deny for the sole purpose of avoiding the statutory deadline for adjudication of an SIJ petition.

Dated this 22nd day of September, 2023.

Robert S. Lasnik
United States District Judge

AMENDED PERMANENT INJUNCTION - 2